## STOCKTON *vs.* TRUXTON.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

The penalty which the law denounces, by depriving a party of every other means of defence, who expressly denies his signature, and it is proved by his adversary, is not incurred by the denial of his having made and executed the note sued on, or to which his signature is attached.

Although an express denial of every allegation, is an express denial of each one; yet the plea of the general issue, does not waive others; and an express and special denial of the signature, is required before the party is debarred from every other plea, on proof being made of his signature.

This is an action on a promissory note, signed by the defendant, (he making his ordinary mark) for five hundred and fifty dollars, secured by a mortgage on a slave. The plaintiff instituted his suit about a month before the note became due and payable; alleging, the defendant was about to remove the slave out of the state, and prayed to have her provisionally seized; that he have judgment on the note, when it became due; and that the said slave be sold to satisfy the same.

The defendant pleaded the general issue; and specially averred, that he is entirely ignorant of, and denies ever having made to the said Stockton, any such note or mortgage; and if he did make or give any such, it was in manner, and under circumstances the most fraudulent: and that they were extorted from him without any consideration or equivalent being paid therefor; and that no amicable demand was made. He prays that the note and mortgage be annulled, the provisional seizure set aside, and that the plaintiff's demand be rejected, with costs.

The cause, on these pleadings, was tried before a jury. The defendant offered witnesses to prove a want of consideration in the note sued on, and fraud in the execution of it

and the mortgage; and that the latter is not made by a notarial act. The plaintiff's counsel objected to the introduction of the evidence offered; which objections were sustained by the court, on the ground, that there had been a special denial of the signature to the note, and that it had been proved, which barred the defendant from every other defence. *Code of Practice*, 326. The defendant's counsel excepted to the opinion of the court.

No evidence was offered or appeared in the record, on the part of the plaintiff. The jury, however, under the charge, returned a verdict in favor of the plaintiff, for the amount of the note; upon which judgment was entered, conformably to the prayer of the petition. The defendant appealed.

*I. W. Smith* and *M'Henry*, for the defendant and appellant.

1. The judge *a quo* erred in adjudging the seizure and sale of the slave; the jury having limited their verdict to the sum claimed, and not having found a verdict with regard to the mortgage.

2. The testimony offered to prove a want of consideration of the note and fraud in the act, was admissible under the pleadings, and improperly rejected by the inferior court; the answer, *when taken in all* its parts, showing the signature of defendant to have been admitted; and the judge *a quo* having put that construction on it, as appears by the bill of exceptions.

3. Interest was improperly allowed by the court, none having been found by the jury, and none having been legally due.

4. The defendant was improperly decreed to pay costs in the inferior court, having pleaded specially, the want of amicable demand; and no proof having been adduced that such demand was made.

5. Should the court consider the signature of the note, *not* to have been admitted by the answer, then the verdict and judgment are erroneous, for want of proof of the signature of the defendant.

*Roselius, contra.*

29

EASTERN DIST.
*April*, 1835.

STOCKTON
*vs.*
TRUXTON.

*Martin, J.*, delivered the opinion of the court.

The defendant being sued on his promissory note, secured by a mortgage on a slave for five hundred and fifty dollars, resists the plaintiff's action, by a denial that he made and executed the note and mortgage sued on, and on other grounds.

At the trial of the cause, the defendant offered witnesses to prove a want of consideration in the note sued on, and fraud in its execution as alleged, and that the act of mortgage is not a notarial act. This evidence was objected to, on the part of the plaintiff, and the objection sustained by the court, on the ground, that the answer of the defendant contained a special denial of his signature, and the signature having been duly proved, the party was precluded from availing himself of any other plea or defence. *Code of Practice, article* 326. A bill of exception was taken to the decision of the court. There was a verdict and judgment for the plaintiff, from which the defendant appealed.

As the case comes up, no proof of the genuineness of the signature to the note was adduced, either before or after the rejection of the defendant's witnesses : so that we must infer that the parish judge assumed, that the signature was *duly proved*, from the circumstance of the defendant having forborne to make an express admission or denial of his signature, as required by law. *Code of Practice, article* 324.

The counsel for the appellant has urged in argument, that the judgment should be reversed, because if the denegation of having made and executed the note, be a special denial of the signature, the judge erred in rejecting the witnesses, before proof was made of the signature. If such a denegation be not a special denial of the signature, the judge was still in error in rejecting the witnesses. In the first hypothesis, the jury erred in finding a verdict, without proof of the genuineness of the signature.

This court is of opinion, the parish judge erred. The penalty which the law denounces, when a party is deprived of the benefit of his pleas or defence, who expressly denies his own signature, is not in our opinion incurred by the denial

The penalty which the law denounces by depriving a party of every other means of de-

of his having made and executed the note sued on, and to which his signature appears. This denial may be special, as in the plea of *non est factum* of the common law. After the signing, sealing and delivery are proved, the special plea of *non est factum* is established, by proof of the delivery as an escrow, or by a material alteration, as by the tearing of the seal. After the note is signed it is certainly made, yet it will not avail the payee before the maker parts with it ; until then, it is perhaps not executed. After execution, it may cease to be the note of the maker, by any material alteration without his consent.

Although an express denial of *every* allegation be an express denial of *each* one, this court has held, that the plea of the general issue to the plaintiff's demand, founded on a promissory note, does not waive others when found for the plaintiff; that is, an express and special denial of the signature is required, before the party is debarred from every other plea or defence, on proof being made of it by the adverse party. 8 *Martin, N. S.*, 329. 1 *Louisiana Reports*, 486.

In the case cited from 8 *Martin, N. S.*, 329, the effect of the denial of the execution of the note appears to have been argued and considered in its true light, but no decision was made on that point in the case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed ; the verdict set aside, and the case remanded for trial, with directions, to allow the defendant to offer testimony in support of all his pleas ; the appellee paying costs in this court.

*Margin notes:*
fence, who expressly denies his signature, and it is proved by his adversary, is not incurred by the denial of his having made the note sued on, to which his signature is attached.

Although an express denial of every allegation yet the plea of the general issue does not waive others, and an express and special denial of the signature is required, before the party is debarred from every other plea, on proof being made of his signature.