No. 3217

Second Circuit

BRECKENRIDGE STATE BANK v. NELSON

(May 22, 1928.    Opinion and Decree.)
(June 28, 1928.    Rehearing Refused.)

(*Syllabus by the Editor*)

1.  Louisiana Digest—Bills and Notes—Par. 208, 209.

Although a general denial is not permitted under the Pleading and Practice Act as amended by Act No. 27 of 1926, nevertheless a special and specific denial of each paragraph of petition is not sufficient to constitute a denial of signature cutting off all defenses as provided by Code of Practice, Art. 324.

2.  Louisiana Digest—Bills and Notes—Par. 202, 204, 240.

Where note is attached to petition and made part thereof, the fact that note is payable to order of one bank and not endorsed and petition states that it is payable to another bank, is sufficient to justify judgment of non-suit.

Appeal from the Twenty-Sixth Judicial District Court, Parish of Bossier.    Hon. H. C. Drew, Judge.

Action by Breckenridge State Bank against J. C. Nelson.

There was judgment of non-suit for defendant and plaintiff appealed.

Judgment affirmed.

J. B. Herold, of Shreveport, attorney for plaintiff, appellant.

H. C. Fisher, of Shreveport, attorney for defendant, appellee.

WEBB, J.    The Breckenridge State Bank instituted this action against J. C. Nelson to recover judgment on a balance alleged to be due on a promissory note, in which plaintiff alleged that it was the holder and owner of the note described as having been drawn by defendant payable to the order of plaintiff and attached and made the note a part of the petition, which note shows on its face to have been drawn by J. C. Nelson payable to the order of the Guaranty State Bank and is not endorsed.

Defendant answered admitting his residence and otherwise specially and specifically denying each article of the petition, and trial was had, during the course of which defendant admitted his signature to the note, and plaintiff offered to introduce the note in evidence, and on defendant's objecting that the note varied from the note described in the petition, and that it does not show title in plaintiff, plaintiff was not permitted to introduce the same in evidence, and after introducing evidence as to the laws in the state where the note was drawn, to support the stipulation for interest, the case was closed and submitted on briefs to be filed.

Pending submission of briefs, plaintiff filed a motion to reopen the cause in order that the alleged clerical error or variance between the description of the note, as shown by the allegations of the petition,

and the note itself, and to permit plaintiff to offer evidence showing that the note had been acquired by plaintiff from the Guaranty State Bank, and the motion being refused and judgment rendered rejecting plaintiff's demands as of non-suit, it appeals.

The plaintiff urges · that the judgment should be reversed and judgment rendered in its favor, it being argued that the defendant, in his answer, denied his signature to the note, and having admitted the signature on trial, he was shut off from any other defence, and that judgment should be rendered in favor of plaintiff as demanded; and, in the alternative, in event judgment cannot be rendered in favor of plaintiff, that the court erred in refusing to grant the motion to reopen the cause so as to correct the error in refusing to permit the note to be introduced in evidence and to permit plaintiff to introduce evidence showing that it had acquired the note from the Guaranty State Bank.

The first position taken by defendant is dependent upon several questions; first, whether or not defendant denied his signature, and, if so, whether he was deprived of any other defence, or plaintiff relieved of proving that it was the owner of the note, as well as whether or not the note being attached to the petition, and the signature being proven, it can be considered although formally refused to be admitted in evidence. Passing the latter questions, we deem it necessary to consider only the first.

The plaintiff in one paragraph of its petition alleged it was the holder and owner of a note made by J. C. Nelson and signed by him * * * payable to the order of the Breckenridge State Bank, and defendant in his answer to that paragraph followed the formula used in answering prior paragraphs

and denied specially and specifically all of the allegations in the paragraph, and plaintiff places special stress on defendant's use of the words "specially and specifically" and thus distinguishes the case from that of Henderson vs. Alford, 1 La. App. 791, where the defendant, in answering paragraphs in which the allegation was made that he had signed an instrument merely used the word denied.

Prior to the adoption of the statute known as the Pleading and Practice Act (No. 151 of 1912, as amended by Act No. 27 of 1926), it was held that a ·defendant sued on a note pleading the general denial would not be held to have denied his signature, so as to deprive him of other defences, when the signature was proven, under Article 324 of the Code of Practice.

In Stockton vs. Truxton, 8 La. 224, it was said, with relation to the plea of the general denial, where pleaded in an answer to an action on a note:

"Although an express denial of every allegation be an express denial of each one, this court has held, that the plea of the general issue to the plaintiff's demand, founded on a promissory note, does not waive others when found for the plaintiff; that is, an express and special denial of the signature is required, before the party is debarred from every other plea or defence, on proof of it being made of it by the adverse party."

And although it may be that the Pleading and Practice Act has abolished the plea of general issue, by providing that the plaintiff shall state, so far as practical, each of the material facts upon which his action is based, and that the defendant shall admit or deny each material allegation of fact, the general effect of the special plea of denial is the same as under the general denial as to the proof thereunder, and we are of the opinion the same effect  ·

should be given to the special denial of the paragraph of the petition under the Pleading and Practice Act as was formerly given to the plea of general denial, in so far as such relates the admission or denial of signature under Article 324 Code of Practice.

Concluding that defendant did not deny his signature to the note sued upon, he was not deprived of other defences or rights, and having denied that plaintiff was the owner of the note, and plaintiff having failed to offer any proof of its alleged ownership, and the note sued upon not being endorsed to plaintiff, judgment cannot be rendered in its favor.

The second position of plaintiff, in which it urged that the court erred in refusing to reopen the cause, is apparently based upon the contention that the sole reason why the court could not render judgment in plaintiff's favor was the alleged error in refusing to admit the note in evidence, but, as stated above, there was another reason; that is, plaintiff did not prove its ownership of the note, and the motion to reopen the cause shows that the failure to prove ownership was not due to an oversight but was deliberate, and further, plaintiff in its position does not pretend to set forth the manner in which it acquired the note, and conceding that the refusal to admit the note in evidence was error, we cannot say that the court should have reopened the cause rather than reject plaintiff's demands as of non-suit.

The judgment appealed from is therefore affirmed.