PONDER, Justice.
 

 This is an appeal from a judgment declaring 156 shares of the stock of George M. Cox, Incorporated to be community property.
 

 Mrs. T. A. Goertz Cox obtained a judgment of divorce against George M. Cox, Cox v. Cox, 181 La. 246, 159 So. 378. In the case among other things asked for was the partition of the community property. The case was remanded for the partition of the community property, etc. The instant suit was filed in the proceedings to partition the community property, etc. In the instant suit by agreement of the parties the only question presented to the lower court for determination was the ownership of 156 shares of the stock of George M. Cox, Inc. The plaintiff George M. Cox set out in this petition that the defendant Mrs. T. A. Goertz Cox took with her, when she left the matrimonial domicile, certain securities and records of the corporation, George M. Cox, Inc., among which were certificates Nos. 9 and 14 representing 157 shares of the capital stock of the corporation, George M. Cox, Inc., which plaintiff had acquired from his first wife, Mrs. Cassie J. Cox, on January 18, 1932, in settlement of his first wife’s interest in the community, which stock was the property of the plaintiff. The plaintiff alleges to the effect that certificate No. 19 calling for 156 shares of stock in the corporation was fraudulently issued and purported to transfer to the defendant 156 of the 157 shares that plaintiff had acquired from his first wife in the settlement of the community. In the plaintiff’s petition it is alleged that the certificate, fraudulently issued, either does not bear his genuine signature or if the same does bear such signature it was procured by false and fraudulent representations or misrepresentations. In the alternative the plaintiff sets out that in event the court should find that the stock was lawfully issued to the defendant that
 
 *271
 
 it was acquired during the community and would be community property. The defendant filed a motion to strike out certain allegations of the plaintiff’s petition. The basis of the motion to strike is that plaintiff, having alleged forgery to establish the invalidity of certificate No. 19, cannot be heard to urge other or additional defenses. In support of this contention the defendant cites Articles 324, 325 and 326 of the Code of Practice and Article 2244, R.C.C. The defendant cited a number of decisions of this Court in support of his motion. It is not necessary for us to discuss these decisions because it is well settled and the Code of Practice and the Civil Code provide and contemplate an expressed or special denial of the signature before the inquiry would be limited to the genuineness of the signature. The lower court in view of the circumstances in this case overruled the motion to strike. The trial court was of the opinion that since the evidence showed the defendant had taken all the records of the corporation when she left the matrimonial domicile, among which were certificates Nos. 9 and 14 calling for the 157 shares of stock and that since the plaintiff was in the dark and had no means of ascertaining the method pursued in the issuance of the stock to the defendant that Mrs. Cox must of necessity know all these facts and circumstances and if fraud had been committed she could not be misled or harmed by the allegations of the petition. The trial court was of the opinion that the defendant being in possession of the records would have superior knowledge to urge her defense to the action. The lower court under the doctrine laid down in the cases of Hibernia Bank & Trust Co. v. Louisiana Ave. Realty Co., 143 La. 962, 79 So. 554, and Chaffe v. Scheen, 34 La. Ann. 684 was of the opinion that wide latitude should be allowed the pleader where he has no knowledge as to which of two sets of facts are correct and especially so in a case where the defendant has all the records. The lower court was of the further opinion that the motion should be denied because when the certificate was presented to the plaintiff, while the plaintiff was giving his testimony, the plaintiff admitted the signature. Under the attending circumstances, we are of the opinion that the ruling of the trial court overruling the motion to strike was correct.
 

 The defendant by reconventional demand in her answer asked to be declared the owner of the 156 shares of stock. She contends that the plaintiff gave her the stock. In other words, she contends that the stock was a donation inter vivos.
 

 Upon trial the lower court rendered judgment declaring the stock to be community property. From the judgment the defendant has appealed and the plaintiff has answered the appeal asking that the judgment be amended.
 

 From an examination of the record we find that the plaintiff purchased 157 shares of stock, which included the stock disputed herein, from his first wife, Mrs. Cassie J. Cox, on January 18, 1932, represented by certificates Nos. 9 and 14, with a power of attorney for delivery to the plaintiff, receipt and delivery of the stock with en
 
 *273
 
 dorsement being acknowledged in the act by the plaintiff. These certificates were not produced at the trial. Both the plaintiff and defendant deny having possession of these certificates. The plaintiff testifies to the effect that the defendant took these certificates with other securities and documents when she left the matrimonial domicile. The defendant’s testimony is to the effect that they were left in the plaintiff’s office. The ownership of the 157 shares of stock as of date January 18, 1932, is positive and there seems to be no contention otherwise. It is not disputed that the plaintiff bought the stock on that date from his first wife in settlement of the community. The evidence shows that on that date the plaintiff and the defendant were man and wife and that the funds used to buy the stock was borrowed from the corporation. There is no evidence showing that the stock was purchased with the separate funds of the plaintiff. Under the circumstances the stock was at that time the property of the community between plaintiff and defendant. From an examination of the evidence it does not appear that this stock was ever transferred from George M. Cox-by any satisfactory proof. The minutes of the corporation of December 23, 1932, show that the corporation agreed to deliver 156 shares of stock to the defendant accepting in payment thereof the defendant’s promissory note calling for the sum of $125,000, payable to the order of the corporation three years after date. The note was offered in evidence and certificate No, 19 calling for 156 shares of stock in the name of the defendant was also offered in evidence. The minutes of the corporation show that this acquisition by the defendant was ratified and confirmed. These minutes have been in the possession of the defendant since she left the matrimonial domicile. These minutes are not signed by the plaintiff, who was at that time president of the corporation. There is a letter in the record written by an attorney for the defendant of date January 27, 1934 to the plaintiff’s attorney calling attention to the fact that the defendant had bought a share of stock with her individual money and that the defendant had purchased 156 shares of stock from the corporation giving her note for $125,000 in payment thereof which note it was claimed was retired by the earnings from the stock. In the proceeding for alimony Mrs. Cox in applying for a subpoena duces tecum stated in a petition sworn to by her that the stocks and bonds of the corporation were held and owned by the plaintiff. personally as head of the community. An attorney who had previously represented the plaintiff, whose connection had been severed because of some misunderstanding, testified that he had prepared certificate No. 19 calling for 156 shares of stock at the direction of the plaintiff and had delivered it to the defendant. The testimony of Mrs. Cox corroborates this testimony. However,, the secretary of this attorney states that she vaguely remembers some talk about one share of stock. A former employee of the corporation testified that he heard discussion concerning the delivery of some stock to Mrs. Cox, but knows nothing of a sale or delivery to her. Another former employee of the corporation
 
 *275
 
 testified that he heard discussions among the parties relative to the delivery of stock in the corporation. The plaintiff denies having transferred the stock to the defendant, but claims that he signed two certificates in blank for entirely different purposes.
 

 From an analysis of the testimony, it is certain that George M. Cox acquired the stock in controversy on January 18, 1932, and that at that time it was community property. The evidence as to the defendant’s ownership of certificate No. 19 calling for 156 shares of stock is extremely conflicting. The minutes of the corporation, the defendant’s note for $125,000 and the letter of her attorney are to the effect that the defendant acquired the stock from the corporation. The defendant’s statement in her sworn pleadings applying for a subpoena duces tecum are to the effect that the defendant does not own the stock. The testimony, which is also very conflicting, is to the effect that the defendant acquired the stock by donation inter vivos from her husband. Furthermore, there is no evidence to show any transfer of the 157 shares of the stock or any part thereof except the endorsement for the delivery of the stock to George M. Cox.
 

 From the evidence we have concluded that George M. Cox acquired the disputed stock from his first wife during the community between himself and the defendant and that the stock is' community property. We have also concluded that George M. Cox as head of the community has never parted with the stock. Moreover, had the corporation acquired the stock from George M. Cox and the defendant during the community had acquired it from the corporation giving her promissory note for the purchase price, it would in that event have been community property.
 

 Having concluded that George M. Cox as head of the community has never parted with the ownership of or transferred the stock since he acquired it from Cassie J. Cox, certificate No. 19 issued in the name of the defendant calling for 156 shares of the capital stock of the corporation was illegally issued. While the judgment of the lower court decreed the stock to be the property of the community between the plaintiff and the defendant, it did not decree certificate No. 19 to be null and of -no effect, being illegally issued. Therefore, it is necessary to amend the judgment in that respect. The judgment of the lower court did not provide for the dismissal of the defendant’s reconventional demand and should be amended in that respect.
 

 For the reasons assigned it is ordered, adjudged and decreed that certificate No. 19 purporting to have issued on December 24, 1932, in the name of T. A. Goertz Cox calling for 156 shares of the capital stock of George Cox, Inc., be and the same is hereby declared to have been illegally issued and of no legal force or effect. It is further ordered, adjudged and decreed that the defendant’s reconventional demand, wherein she seeks to be declared the owner of certificate No. 19, be dismissed. As thus amended, the judgment is affirmed at appellant’s cost.
 

 LAND and FOURNET, JJ., absent.