HOLAHAN v. MISURACA et al.
Civ. A. No. 3524.

United States District Court
E. D. Louisiana, New Orleans Division.
May 23, 1953.

of property of the bankrupt illegally diverted from the bankrupt estate in violation of the Louisiana Bulk Sales Act. The defense is predicated on the allegation that the property in question is the separate property of the bankrupt's wife and consequently is not part of the bankrupt estate. The issues of fact and law having come on to be heard on the pleadings and proofs of the parties and due deliberation having been had, the court having jurisdiction herein under 11 U.S.C.A. § 110(e) (3) [1], now makes the following findings of fact and conclusions of law.

Joseph Polizzi, a resident of New Orleans, Louisiana, was duly adjudicated a bankrupt by this court on July 16, 1951. In that proceeding he filed a schedule of assets and liabilities. The fixtures located in a certain tavern at 1435 Prytania Street in the City of New Orleans were not listed as assets.

On November 30, 1948 Joseph Polizzi and his wife acquired the fixtures in the tavern at 1435 Prytania Street by act of sale in the name of Mrs. Edna Allen Polizzi. The purchase price was $4,500, of which $1,500 was cash paid at the time of the sale and the balance of $3,000 was payable in installments of $500 each. There is no credible evidence showing the ownership of the $1,500 used as the cash payment at the time of the sale. The credit portion of the purchase price, however, was actually paid out of the earnings derived from the operation of the tavern, which tavern was operated primarily by Joseph Polizzi rather than his wife.

On August 24, 1951, over a month after he had been adjudged a bankrupt, Joseph Polizzi and his wife signed an act of sale conveying these same fixtures in the tavern at 1435 Prytania Street to Mrs. Myrtle Misuraca. Mrs. Misuraca was present at the sale with her husband, Vincent Misuraca. Both the Misuracas and the Polizzis were represented at the sale by counsel. In fact the Polizzis were represented by the same counsel who represents Joseph Polizzi

Louis J. Dutrey and Harold Marx, Jr., New Orleans, La., for plaintiff.

George M. Brooks, New Orleans, La., for defendants.

WRIGHT, District Judge.

In this action the plaintiff as Trustee for the bankrupt estate of Joseph Polizzi seeks to recover from the defendants the value

1. The Louisiana Bulk Sales Act makes sales in violation of the act void as to creditors of the transferor. LSA–R.S. 9:2961.

506

in the bankruptcy proceeding then and now pending against him.

In selling the fixtures, no sworn written statement containing the names and addresses of all the creditors of the Polizzis was demanded by nor given to the Misuracas as required by the Bulk Sales Law of Louisiana,[2] and, although the defendants' counsel advised the defendants of the requirements of the Bulk Sales Law, no effort was made by them to comply therewith. Further, the defendants knew or should have known at the time of the sale that Polizzi had been adjudged a bankrupt and no effort was made by them to notify the Trustee in Bankruptcy of the said Polizzi, the Referee in Bankruptcy or any other official of the Bankruptcy Court of the transfer of the property. Both the Polizzis and the Misuracas testified that the purchase price was paid in currency to the Polizzis by the Misuracas, yet admittedly, no effort was made by either of the parties to the sale to have this money placed at the disposal of the Trustee in Bankruptcy of Polizzi and none of the proceeds of the sale has come into possession of the Trustee in Bankruptcy.

The fair market value of the fixtures transferred to the defendants herein is $4,500.

Since the property in question was transferred to the defendants herein after Joseph Polizzi had been adjudicated a bankrupt, the primary question to be resolved is the ownership of the property at the time of the adjudication. If it was community property belonging to the community of acquets and gains existing under Louisiana law between Joseph Polizzi and his wife, the property was part of the bankrupt estate available to the creditors in bankruptcy. This is so because under Louisiana law the husband is responsible for the debts of the community. LSA–Civil Code Article 2403; Rusk v. Warren, 25 La.Ann. 314; Kennedy v. Bossiere, 16 La.Ann. 445; Killelea v. Barrett, 37 La.Ann. 865. If the fixtures were the separate and paraphernal property of the wife of Polizzi, the fixtures did not form part of the bankrupt estate.

█ Under Louisiana law any purchase of property by either spouse during the existence of the community is presumed to be community property. As to the wife this presumption can be overcome only by strict proof of the following prerequisites: (1) that the wife owned paraphernal funds under her administration available for investment; (2) that the cash portion of the purchase price bore such a relation to the whole as to make the property purchased sufficient security for the credit portion; (3) that her paraphernal property and revenues were such as to enable her to make the purchase with the reasonable expectation of meeting the deferred payments. Fortier v. Barry, 111 La. 776, 35 So. 900; Whittington v. Heirs of Pegues, 165 La. 151, 115 So. 441; Cox v. Cox, 193 La. 268, 190 So. 401; Smith v. Brock, La.App., 200 So. 342; Lotz v. Citizens Bank & Trust Co., La.App., 17 So.2d 463; Succession of Valdez, La.App., 44 So.2d 151.

██ No serious effort was made by the defendants herein to prove any of the prerequisites necessary to rebut the presumption that the property in question was the community property of the Polizzis. Consequently, the property must be presumed to have been community property belonging to the community of acquets and gains existing between Joseph Polizzi and his wife. As such it was part of the bankrupt estate at the time Joseph Polizzi was adjudicated a bankrupt on July 16, 1951.

The fixtures being part of the bankrupt estate transferred to the defendants by the bankrupt after he had been adjudged a bankrupt, the pertinent inquiry now concerns the right of the Trustee in Bankruptcy to follow such property into the hands of the transferees, the defendants herein. Under the Bankruptcy Act, a transfer made by a debtor adjudged a bankrupt, which under any state law is voidable for any reason by a creditor having a claim provable in bankruptcy, is null and void as against the trustee of such debtor. 11 U.S. C.A. § 110(e)(1). Under the Louisiana Bulk Sales Act where all or substantially all of the fixtures in a store are sold without

2. LSA–R.S. 9:2962.

complying with the requirements of the act, the transfer is void and the transferee is liable to all the creditors of the transferor for the fair market value of the property transferred. LSA–R.S. 9:2961, 2963. One of the requirements of the Louisiana Bulk Sales Act is that the transferee shall demand and receive from the transferor a sworn statement showing the names and addresses together with the amount of indebtedness of all creditors of the transferor and it is the obligation of the transferee to make certain that these creditors are paid out of the purchase money. LSA–R.S. 9:-2962.

In spite of the fact that the defendants knew or should have known that they were dealing with a bankrupt and in spite of the advice of their counsel at the time of the sale advising them of the requirements of the Louisiana Bulk Sales Act, no effort whatever was made by them to comply with those requirements. Accordingly, they are liable to plaintiff, the Trustee in Bankruptcy of Joseph Polizzi, for the fair market value of the property purchased. 11 U.S.C.A. § 110(e)(2); LSA–R.S. 9:-2963. The defendant, Vincent Misuraca, is liable as head and master of the community of acquets and gains existing between himself and his wife, and Mrs. Myrtle Misuraca is liable, individually, because she personally participated in the sale and signed the act of sale itself as buyer. LSA–R.S. 9:-103; C. I. T. Corporation v. Lytle, La.App., 185 So. 115.