74 So.2d 150

**BASS** et al.   v.   **PREWETT.**

No. 41230.

*July 2, 1954.*

Meadors, Shaw & Meadors, John W. Reynolds, Homer, for plaintiffs-appellees.

Morgan, Baker & Skeels, Shreveport, for third opponent-appellant.

HAWTHORNE, Justice.

Plaintiffs, O. P. Bass and others, alleging that N. L. Prewett, a resident of the State of Texas, was indebted to them in the sum of $2892.98, obtained the appointment of a curator ad hoc for the absent defendant and seized under a writ of attachment three Hobbs trailers. In the course of the proceedings in the court below, a third opposition was filed by appellant Truckers Loan Company, wherein it alleged itself to be the holder of three promissory notes, each of which was secured by a chattel mortgage executed in the State of Texas on a trailer seized by the plaintiffs under their writ of attachment. In this opposition Truckers Loan Company prayed that it be paid out of the proceeds of the judicial sale of the three trailers the amount of its claim by preference and priority over the plaintiffs and all other persons by virtue of its Texas chattel mortgages. After trial the district court rejected the demands of third opponent and dismissed its third opposition. From this judgment third opponent has appealed.

The suit of the third opponent was dismissed by the trial judge because the signatures of N. L. Prewett to the purported chattel mortgages had not been established or proven by third opponent. The method of proving the authenticity or genuineness of the signatures to these chattel mortgages is governed by the law of this state, for this is a matter of evidence, and it is well settled that questions of evidence or procedure are governed by the law of the forum. 7 Wigmore on Evidence (3d ed.), secs. 2130 et seq.; Good-

rich on Conflict of Laws, sec. 81, p. 157; 3 Beale, The Conflict of Laws, sec. 597.1, p. 1614.

■ Each of the chattel mortgages relied upon by third opponent is purported to be signed by the non-resident Prewett, and following the signature there is a declaration by a notary public reciting that Prewett was well known to him and that he acknowledged and executed the instrument for the purpose and consideration expressed in it. This declaration bears the signature of the notary public only. *There are no witnesses to the purported signature of Prewett, nor is there any affidavit of acknowledgment by Prewett that the chattel mortgage was signed or executed by him.* The chattel mortgage is therefore not in the form of an authentic act as defined in Civil Code Article 2234, nor is it a private act executed, proven, or acknowledged in the manner set forth in R.S. 13:3720. These chattel mortgages are private acts, which under our law are not self-proving.

Civil Code Article 2244 requires that "The person against whom an act under private signature is produced, is obliged formally to avow or disavow *his* signature." In the event the signature is denied, its genuineness must be proved by witnesses who have seen the defendant sign the act or who know it to be his signature because they have frequently seen him write and sign his name. This proof may also be made by experts or by comparison of his writing. See Civil Code, Article 2245, and Code of Practice, Article 325.

■■ In the instant case third opponent is not asserting or producing these chattel mortgages against the one whose signature appears thereon, but is asserting or producing them against O. P. Bass and the other plaintiffs, who were not parties to these acts. Since their signatures were not urged against them, the plaintiffs were not called upon to avow or disavow the signatures on the chattel mortgages under Article 2244. Accordingly third opponent is not relieved from proving the genuineness of Prewett's signatures to these chattel mortgages in the same manner as though they had been disavowed or denied by him. In this case there is no proof whatever of the genuineness of the signature of Prewett as required by the laws of this state. The trial judge was therefore correct in his conclusion that these chattel mortgages had not been sufficiently proven to be admitted into evidence.

■ Appellant contends that these chattel mortgages were executed pursuant to the laws of Texas and certified pursuant to Act of Congress, 28 U.S.C.A. § 1739, and that accordingly they should have been admitted in evidence and given or accorded full faith and credit. The trial judge did

not find that these chattel mortgages were not properly authenticated under the Act of Congress or that they were invalid as to form under the laws of Texas, and did not refuse to give them full faith and credit. He concluded only that they were not admissible in evidence in the instant case because third opponent had not proven the purported signature of Prewett to be genuine, as required under our law for their admission in evidence.

The appellant contends that the authenticity of the signatures on these chattel mortgages could have been determined by the judge by comparison of them with the signatures on other chattel mortgages on which Prewett's signature had been proven to be authentic and which were admitted and filed in evidence. We know of no law which requires the judge to make proof of a litigant's case. The duty here was on third opponent and not on the judge. Appellant made no effort to have these signatures compared by the judge on the trial below or to prove the genuineness of the signatures involved by comparison with the signatures on the chattel mortgages which had been admitted.

For the reasons assigned the judgment appealed from is affirmed, appellant to pay all costs.