**86 So.2d 76**

## ASSOCIATES DISCOUNT CORPORATION

v.

## Roman BOGARD.

No. 41890.

Jan. 16, 1956.

Rehearing Denied Feb. 20, 1956.

Arthur V. Flotte, New Orleans, for defendant called in warranty and appellant.

Louis G. Shushan, Moise S. Steeg, Jr., New Orleans, for plaintiff-appellee.

Arthur L. Ballin, New Orleans, for defendant-appellee.

HAWTHORNE, Justice.

Associates Discount Corporation brought this suit to have an Illinois conditional sales contract recognized and enforced, the property described in the contract being a 1951 model Buick. Plaintiff prayed that the above automobile be seized under a writ of sequestration, that the car be sold, and that it be paid the amount of its claim, $2,392.82, from the proceeds of the sale by preference and priority over all other persons. The automobile was seized in this state in the possession of Roman Bogard, who called in warranty his vendor, John H. Smit, Jr., doing business as Smit Motor Sales. After trial on the merits the lower court rendered judgment recognizing the Illinois contract and ordering the property sold and petitioner paid pursuant to the prayer of its petition. There was also judgment against the warrantor Smit on Bogard's call in warranty in the sum of $2,450. Only John H. Smit, Jr., warrantor, has appealed.

In November, 1952, the Interstate Auto Distributors of Chicago, Illinois, sold this Buick automobile under a conditional sales contract to a man calling himself Billy Farrell. This conditional sales contract and the promissory notes evidencing the balance due on the purchase price were assigned by the automobile dealer to plaintiff herein, a finance company. Without the knowledge and consent of the plaintiff the car was brought to Louisiana, and in December, 1952, was sold by one representing himself to be Lee Norton to John H. Smit, Jr., doing business as Smit Motor Sales, under a Louisiana certificate of title. Smit subsequently sold this automobile to Roman Bogard, in whose possession it was at the time it was seized by the plaintiff.

In this case plaintiff has proved that the Illinois conditional sales contract here involved is in proper form and valid and enforceable under the laws of that state, that title to an automobile conditionally sold remains in the vendor or its assignee until the contract is fully performed, and that under the laws of Illinois the conditional vendor or its assignee has a superior right in the chattel over an innocent purchaser for value and without notice.

In the recent case of Fisher v. Bullington, 223 La. 368, 65 So.2d 880, 883, this court quoted with approval from Universal C. I. T. Credit Corp. v. Victor Motor Co., La.App., 33 So.2d 703, thus:

" 'The jurisprudence of this State applicable to conditional sales contracts is now

well settled and can be stated thusly: In spite of the fact that conditional sales are invalid when contracted in Louisiana, the Louisiana courts, through comity, have recognized sales executed in other states, even as against a bona fide purchaser or pledgee of the vendee, where the object has been removed to Louisiana without the knowledge or consent of the vendor. Overland Texarkana Co. v. Bickley, 1922, 152 La. 622, 94 So. 138; Finance Security Co. v. Conway, 1933, 176 La. 456, 146 So. 22; Hinton Co. v. Rouse, 1926, 4 La.App. 471; Security Sales Co. of Louisiana v. Blackwell, 1928, 9 La. App. 651, 120 So. 250; State ex rel. Grosjean v. Shurley, La.App., 1936, 165 So. 533.'" See also General Motors Acceptance Corporation v. Nuss, 195 La. 209, 196 So. 323.

■ will thus be seen that Smit never acquired title to the automobile in question, and, having no title, he could convey none to Bogard, in whose custody the Buick was at the time it was seized.

Warrantor contends in this court that the trial judge improperly admitted in evidence the conditional sales contract because it had not been shown that it was signed by Billy Farrell, the conditional vendee named therein. Warrantor argues that the document is not a self-proving one under the laws of this state (Article 2234 of the Louisiana Civil Code and R.S. 13:3720), and accordingly the genuineness of the signature of Billy Farrell had to be proved by witnesses who saw him sign the act or who knew the signature to be his because they had frequently seen him write and sign his name. See Art. 2245, La.Civil Code; Art. 325, La.Code of Practice. In support of this contention warrantor cites our decision in Bass v. Prewett, 225 La. 883, 74 So.2d 150, 151, in which it was said: "The method of proving the authenticity or genuineness of the signatures to these chattel mortgages is governed by the law of this state, for this is a matter of evidence, and it is well settled that questions of evidence or procedure are governed by the law of the forum."

■ There is no merit in the contention that the contract in the instant case was improperly admitted in evidence. Bernard Simmons of Interstate Auto Distributors, the conditional vendor, who signed the conditional sales contract as a witness, testified that a person representing himself to be Billy Farrell signed the contract in his presence, that he saw this person sign the contract, and that the automobile was delivered to the same person who signed the contract as conditional vendee. The evidence establishes that Billy Farrell and one Lee Norton Schiavone are the same person, and we can reasonably assume that Lee Norton is another name under which this particular person was operating at the time he sold the automobile to Smit in Louisiana.

[4] ■ next contends that he has proven that under the laws of Illinois the assignee of a fictitious conditional sales

contract cannot enforce such an agreement against a third party purchaser in good faith. Counsel for the warrantor has not proven to our satisfaction that this is the law of Illinois, and the attorney who was called to testify as to this principle of law relied on the holding in the case of Forgan v. Gordon Motors Finance Co., 350 Ill. 445, 183 N.E. 462, which is not authority for the proposition of law advanced. In that case the Illinois court was discussing two conditional sales contracts, and the one which the court declared to be fictitious was made by the conditional vendee without consideration or delivery. In the instant case we have no fictitious contract, and the expert on Illinois law in the lower court admitted that the Forgan case was different from the instant one.

■ In this court for the first time warrantor contends that under the law of Illinois, when a conditional vendor brings suit for the balance due under the terms of a conditional sales contract, title to the property conditionally sold immediately vests in the conditional buyer by operation of law and the sale becomes absolute. Under this principle of Illinois law, warrantor argues, title to the Buick vested in Bogard at the moment Associates Discount brought this suit. This defense was not raised in the lower court, and appeared as an issue in this case for the first time on appeal here. This court cannot take judicial notice of foreign law. Since warrantor did not allege or attempt to prove in the lower court that this is the law of Illinois, this contention cannot be considered by us on appeal. It is well settled that the law of a sister state as well as judicial interpretation of that law must be proven during trial just as any other fact in the case. Taylor v. Terzia, 171 La. 1040, 132 So. 781; see Sheard v. Green, 219 La. 199, 52 So.2d 714. Moreover, as we have already pointed out, the instant suit has for its primary purpose the recognition and enforcement of an Illinois contract, which as we have shown above is valid, enforceable, and in proper form under the laws of that state.

■ Also on appeal for the first time, warrantor contends that the amount of the judgment rendered against him on Bogard's call in warranty is incorrect, and that for this reason Bogard's call in warranty should be non-suited or the case remanded for further evidence. Warrantor has not advanced any valid reason which would justify us in disturbing the amount of this award. Bogard in his call in warranty specifically stated that the purchase price of the car was $2,450, and claimed that he was entitled to recover this sum from Smit in the event plaintiff should prevail on the principal demand. Smit did not deny in his answer that this amount was the correct purchase price, and made no contention in the lower court that Bogard should be awarded a lesser sum. Moreover, the bill of sale itself stipulates

that the selling price of the automobile was $2,450, and evidently the trial judge accepted this as being true and rendered his judgment against the warrantor accordingly.

The judgment appealed from is affirmed. John H. Smit, Jr., is to pay all costs of this appeal.