ELLIS, Judge.
This is a suit on a note executed under the Small Loans Act of Louisiana, the plaintiff being the holder of the note, Securities Finance Company, Inc., and the defendant being the maker of the note, Sam P. Maranto. The promissory note in question was for the principal amount of $295 bearing interest at the Small Loan rate. A general denial was filed by defendant and the case was set down for trial on the merits on March 20, 1959.
On March 13, 1959, the defendant effected the issuance of a subpoena duces tecum directing the plaintiff to produce all papers and documents pertinent to the loan accounts of the defendant, Sam P. Maranto and the defendant’s wife, Doris Maranto, with Securities Finance Company, Inc.
An exception to the issuance of this subpoena duces tecum was filed on March 18, 1959 by plaintiff’s attorney on the basis that the defendant failed to declare the facts which he intended to establish by the production of the papers and documents in question. This declaration is provided for in Article 140 of the Code of Practice. On the same day defendant obtained an order for the issuance of another subpoena duces tecum in order for the defendant to show thereby that “he is in no way indebted unto the Securities Finance Company, Inc. and that the said signature on the note sued on is not his.” In view of the issuance of the second subpoena duces tecum, which was in proper form, the exception directed at the first subpoena duces tecum issued herein was not considered. After the second subpoena duces tecum was issued, the plaintiff produced all pertinent papers in its possession which were described in the order. Just prior to the trial on the merits, the defendant filed a supplemental and amended answer to the effect that defendant was in no way indebted to the plaintiff, for the reason that the note sued upon violated certain provisions of the Small Loans Act, in particular LSA-R.S. 6:583 and said violation voided the contract of loan under the provisions of the cited statute.
Plaintiff objected to the filing of the supplemental answer but the filing of the supplemental answer was allowed by the district judge. The signature of defendant was proven and counsel for plaintiff asked for judgment on the basis that defendant had denied his signature and the signature had been proven. Code of Practice, Article 326.
Plaintiff’s request was denied by the trial court and defendant was allowed to introduce evidence in support of the allegation in his supplemental answer over plaintiff’s objection. Judgment was rendered for defendant in the trial court on the grounds that the promissory note in question was a nullity since it was found that interest was charged on interest in violation of the provisions of LSA-R.S. 6:583.
On appeal, plaintiff contends that the above quoted portion of the second subpoena duces tecum is equivalent to a specific denial of a signature as would bar any other defense under the provisions of Article 326 of the Code of Practice. In this case there was filed a general denial which included a general denial to the signature on the note in question. This alone would not constitute a specific denial of a signature as required by Article 326 of the Code of Practice. Stockton v. Truxton, 8 La. 224; Standard Accident Insurance Company v. Fell, La.App., 2 So.2d 519; Cox v. Cox, 193 La. 268, 190 So. 401.
*122 In addition to the general denial, a supplemental and amended petition was filed and the contents of this amended petition are described above and have no hearing upon the authenticity of the note. Plaintiff relies, in this contention, solely upon the intentions set forth in defendant’s second request for a subpoena duces tecum and specifically upon the following language therein: “that Mover intends to show thereby that he is in no way indebted unto the Securities Finance Company, Inc. and that the said signature on the note sued on is not his;”. This language appearing in a request for a subpoena duces tecum would not in our opinion form a part of defendant’s answer. Plaintiff cites no authority in support of its contention. We feel that defendant’s intention, so stated, forms no part of the answer. This is a necessary conclusion, since this particular type of pleading is usually employed to afford either party with material which has been unattainable by other means. Not having access to this material it would seem a harsh rule to require the party seeking a subpoena duces tecum to allege with the certainty required for petition and answer exactly what he expected to find and discover from the material in question.
Counsel for plaintiff also urges on appeal that the articles in the Civil Code on novation and in particular LSA-C.C. Article 1939 is pertinent and in particular the following language in that article, to wit:
“Interest upon interest cannot be recovered unless it be added to the principal, and by another contract made a new debt.”
However, we feel that novation under the Civil Code cannot be used to evade a specific prohibition under the Small Loans Act.
A further examination of the facts presented is necessary at this point. The evidence presented on the trial on the merits showed that the promissory note which plaintiff sought to obtain a judgment upon showed a principal amount of $295. This principal amount represented a renewal of a note defendant had executed for plaintiff and there was due under this earlier note $211.19 on the principal and $33.20 as past due interest. In addition, attorney’s fees in the amount of $44.71 due for legal action taken on the earlier note and an additional $3.90 for a life insurance premium was added to the amount of the second note. These items total the $295 which constitutes the “principal” amount on the renewal note. As stated above, the trial court found that the inclusion of $33.20 past due interest on the second note was, in effect, the charging of interest upon interest described and prohibited in LSA-R.S. 6:583.
There is a good bit of evidence in the record concerning prior notes, accounts and transactions between the parties litigant upon which the indebtedness evidenced by the promissory note sued upon arose. A review of all these prior transactions is not deemed necessary here since the details of the latest transaction which are set forth above are not in dispute and each item which is added in to obtain the “principal” balance is uncontradicted. This date is considered sufficient to reach a final determination in this suit.
Defendant relies upon the provisions of LSA-R.S. 6:571 et seq. and in particular, on the following portions of these statutes:
LSA-R.S. 6:583 — “ * * * Interest shall not be payable in advance or compounded and shall be computed on unpaid balances.”
“ * * * Interest, discount, or charges in excess of those permitted by this Chapter shall not be charged, contracted for, or received, and if any such shall be charged, contracted for, or received the contract of loan shall be void and the licensee shall have no right to collect or receive any principal, interest, or charges whatever.”
*123 LSA-R.S. 6:585:
“No licensee shall directly or indirectly charge, contract for, or receive any interest, discount, or consideration greater than is permitted by law to others than licensees under this Chapter upon the loan, use, or forbearance of any money, goods, or things of action, or upon the loan, use, or sale of credit, of the amount or value of more than three hundred dollars.” (Emphasis ours.)
Several cases have been cited by counsel for defendant.
Defendant’s counsel has relied upon the cases of Home Finance Company v. Padgett, La.App., 54 So.2d 813; Commonwealth Finance Company v. Livingston, La. App., 12 So.2d 44. In addition the Federal Circuit Court case of Madison Personal Loan v. Parker, 2 Cir., 124 F.2d 143, is also relied upon. We feel that the Padgett case was a fair interpretation of the existing statutes at the time it was decided. In that case a loan of less than $300 was added to an existing loan and the provisions of the Small Loans Act were not complied with in completing the .second transaction. The Court found that there was an evasion of the Small Loans Act in making an actual loan of less than $300 and adding into an ■existing loan so that the total of the loan exceeded $300. This decision apparently results in the amendment of LSA-R.S. 6:585 so that the following provision was included in that statute.
“However, any new cash advance of three hundred dollars or less may be combined with any existing loan or debt of any amount, whether or not originally made under this Chapter, and if the consideration of the combined resulting loan or debt exceeds three hundred dollars, such loan shall not be subject to the provision of this Chapter.”
The main rule evolved in the Padgett case is therefore no longer the law. However, the following language from the Pad-gett case is worthy of note [54 So.2d 816] :
“It is our opinion that the Legislature of Louisiana in enacting the Small Loan Law intended to and did deal with a special subject matter, to-wit, small loans under $300.-00. Its purpose so to do is expressed in the title of the Act itself. The Legislature enacted this legislation because in its wisdom it considered that such loans were in a different category from loans of greater amounts and should be governed by entirely different considerations and rules. Hí ^ Hí 99
The above quoted finding is applicable herein and is persuasive in deciding the question presented herein strictly under the provisions of the Small Loans Act itself without tempering those provisions with Civil Code authority.
The following language is found in the Commonwealth Finance Company v. Livingston case, cited supra [12 So.2d 46]:
“But we need not reach a conclusion on this question of fact because we find at least two other clear violations which, because of the statute, render this second transaction void. In the first place, the unpaid balance of $189.55 (on the old loan, some of the installments of which had not matured) included a large amount of already deducted interest and, therefore, when the new interest charge was figured at 2i/¿% per month on the entire new loan, there was plainly included in the new loan a charge of interest on interest.”
This language appears to outline the same type of procedure as we are presented with in the case at bar.
Whether or not the interest in question is “already deducted” interest or past due interest would not seem to make a major difference in the outcome in this type of case. The principle prohibiting the charge of interest upon interest is applicable in either case, it would seem.
*124 The case of Madison Personal Loan v. Parker, cited supra, is strikingly similar to the case at bar and should be examined closely. In that case the promissory note in question was in the amount of $387. The “principal” amount consisted of $158.-19, principal balance and $1.10 interest on a prior loan, which was paid in case to the party executing the note.
The following language from the well-reasoned opinion of Circuit Judge Charles E. Clark in the case of Madison Personal Loan v. Parker is pertinent here [124 F.2d 145]:
“The legislature enacted the law in its present form in 1932 * * *. If the legislature had any specific intent with reference to 'compounded’, it probably meant to use the word in a manner more or less common to all states, for it was enacting a uniform law. Certainly the drafters of the Uniform Small Loan Law could hardly have meant any more than that ‘compounding’ simply means interest on interest. See 33 C.J. 179; 30 Am.Jur. 6. Otherwise, they invited confusion * * *. If any sense is to be given to ‘compounded’ in the Uniform Small Loan Law, it must be to take it as a commonly accepted term, not with a complicated gloss for each state’s peculiar rules of legal and illegal compounding of interest.”
“(4) Support to this view is lent by the further provision of § 352 of the New York Banking Law that interest ‘shall be computed on unpaid principal balances’. If we construe ‘compounded’ to mean illegally compounded under the Young and Talcott cases [Young v. Hill, 67 N.Y. 162, and Newburger-Morris Co. v. Talcott, 219 N.Y. 505, 114 N.E. 846, 3 A.L.R. 287] supra, we run counter to this requirement that interest shall be computed only on principal. Even if the word ‘compounded’ were omitted from the statute, the addition of interest to principal in forming new principal would be denottnced by the remaining part of the section. This is made stronger by noting that the first and fourth drafts said that interest should be computed only on ‘unpaid balances’, whereas the fifth draft, the source of the New York act, and the current sixth draft say ‘unpaid principal balances.’ The changes in the section on interest, we are told, were designed to make ‘more clear the prohibition of additional charges beyond the authorized interest.’ * * * Considering the source of the New York statute, it is only fair to assume that the legislature intended to do just what the act says — prohibit any interest beyond that specifically provided for.
“This fits in with the major purpose of small loan acts and the general history of this type of remedial legislation. It was long recognized that the constriction of usury statutes encouraged loan sharks who preyed on poor and illiterate citizens in need of small sums of cash. The charges made by these unscrupulous agencies were fantastically high, and recognized as a source of untold misery among people with a precarious economic status. The drive to remedy this proceeded on the assumption that honest capital could engage in the small loan business only if guaranteed a fair return. This, it was found, amounted to from 2 to 3[4 per cent a month interest. Accordingly, considerable effort was expended, principally by the Russell Sage Foundation and bona fide small loan companies, to induce legislatures to legalize small loan businesses under strict supervision. In this way, an economic need-short-term financing for people not in possession of standard credit ratings— could be met, yet unscrupulous preying on unsuspecting people eliminated. If this legislation is to succeed, all devices by which additional charges can be made must be scotched. The entire problem of small loans can be better solved by frontal attacks than by flanking infiltration. If 3 or 3j£ per cent is too small to guarantee a fair return, adjustments can be made directly. Otherwise, small enhancements of return may be abused and the value of the privilege of a high return lost through loan sharks coming to the fore, dressed in respectable clothes.
*125 “(5) It is admitted, however, that appellant here is a bona fide small loan company; and we do not mean to imply that it in any way intentionally seeks to flout the New York statute. * * * But the fact remains that if this transaction is legal, others less bona fide will also be legal. Interest at 3 per cent a month then becomes substantial, and constant renewal of the loans would increase the principal until the interest on the original principal would reach the proportions formerly found when only loan sharks operated. Loopholes in statutes are best closed by complete closing. Halfway measures are dangerous. Since the Russell Sage Foundation and others interested in the legislation appear to have recognized these loopholes and by constant revision sought to close them completely, it ill befits a court to reopen them by attenuated reasoning based on cases decided under entirely different circumstances. This is particularly true where, as here, it is difficult to imagine any way to alter the wording of § 352 of the N. Y. Banking Law in order to make clearer the point that interest on interest is not to be charged.
* sjt * * * *
“ * * * Questions as to this provision are not before us; we indicate the _ possibilities involved merely to point out that it must be dealt with on its own merits. Certainly we should not construe the compounding clause loosely in order to enable a loan company to avoid a difficulty in the interpretation of another provision. And by indicating these possibilities, we are, of course, not suggesting their use; a loan company is undoubtedly best advised to move cautiously along these lines and to exercise utmost good faith. Otherwise it may well be suspected of making only a strategic retreat while it perfects a new device to avoid the force of the statute.”
The above quoted Section of the New York Small Loans Law is substantially if not exactly like the equivalent Louisiana Statutes. For these reasons, it is held that defendant herein proved that interest was “compounded” in the promissory note sued upon within the purview of LSA-R.S. 6:583 and the contract of loan is voided thereby.
For the reasons set forth above, the judgment of the trial court is affirmed at plaintiff’s costs.
Affirmed.