BOUTALL, Judge.
Colonial Bank appeals from a judgment dismissing its suit on a promissory note against Johnnie B. Peters.
The promissory note for $956.16 is alleged to have come into existence as a result of the sale of a 1965 Ford automobile by Canal Motors, Inc. to Peters and is a part of a document showing the details of the transaction, all parts of which are allegedly signed by Peters. The defendant answered denying all of the allegations of the petition, and affirmatively alleged that he had purchased on that date a Dodge automobile from Casey Ford and signed a document for the sale of that vehicle and then another document which he was told had something to do with the insurance on his purchase. He alleged the total failure of the vehicle he purchased and a cancellation of the sale with Casey Ford and that he heard nothing further about the incident until some three years later when Colonial Bank brought the suit. He alleged that the note is attached to a completely fraudulent and worthless chattel mortgage, that the chattel mortgage and note for a Ford is a complete fraud, and that at no time did he ever purchase a Ford.
After trial, the trial judge dismissed plaintiff’s suit finding that the plaintiff had failed to prove its case in the matter, that the defendant denied signing the note, and that there was no proof before the court that defendant did sign the note. Appellant raises before us solely the issue of admissibility of evidence denying signature, contending C.C.P. Article 1005 requires specific allegations of denial of a signature or *401 allegations of forgery as an affirmative defense based on Article 2244 La.Civil Code. He refers us to Mirandona Bros. v. Danos, La.App.Orl.1952, 56 So.2d 159, and Olympic Homes, Inc. v. Ory, La.App. 1st 1968, 207 So.2d 258.
As we pointed out above, the defendant’s answer alleged the chattel mortgage and promissory note for a Ford automobile was a complete fraud, and the only documents that he admitted signing were the sale of the Dodge automobile and, another document which he was told involved insurance. We find compliance with C.C.P. Article 1005.
We further find the evidence supports the trial judge’s conclusion that plaintiff has not proven its case. Despite the allegations in the answer, the only evidence entered by plaintiff was the testimony of its auditor who viewed the bank’s records IV2 weeks before the trial, and based upon that concluded that Johnnie B. Peters had signed the documents, had applied for a loan from Colonial Bank and the bank had advanced some funds for the promissory note to purchase an automobile, all three and a half years previously. He could neither identify the names of any of the witnesses or Notary Public whose names are illegibly scrawled on the documents in question, nor anyone who could testify that Peters ever appeared at the bank, or for that matter at the automobile dealership. None of such prospective witnesses were produced. Not even a check or supporting voucher of any type was introduced to show that Colonial had advanced any funds on this transaction.
Further, simply looking at the document on its face, we note that there is a discrepancy in the name of the supposed seller, Canal Motors, rather than Casey Ford as the bank contends. Additionally, while the document carries the signature Johnnie B. Peters, Jr. in one place, in the other two signatures “Jr.” is omitted. We believe that the trial judge was correct. The judgment is affirmed.

AFFIRMED.