406 So.2d 251 (1981)
SELBER BROS., INC., Plaintiff-Appellee,
v.
Jimmie Faye BRYANT, Defendant-Appellant.
No. 8354.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1981.
*252 Sam Nelken, Natchitoches, for defendant-appellant.
Cook, Yancey, King & Galloway, Brian A. Homza, Shreveport, for plaintiff-appellee.
Before GUIDRY, FORET and DOUCET, JJ.
DOUCET, Judge.
The plaintiff-appellee, Selber Bros., Inc., filed suit on an open account, alleging in its pleadings that petitioner sold merchandise to defendant, and that the account was past due. Defendant answered with a general denial, pleading no affirmative defenses nor making any third party demands. The trial court rendered judgment in favor of the plaintiff for $1,209.88 less a credit for payment of $25.00 together with legal interest from the date of judicial demand; from which defendant appeals. We affirm.
At trial, the plaintiff's collection manager testified and identified an itemized statement of the account showing an amount due of $1,209.88, the charge slips bearing the signature "Mrs. J. F. Bryant" and the bills sent defendant requesting payment of the account, thereby establishing a prima facie case pursuant to La.Civ.Code art. 2277.[1]
The defendant attempted to disavow her signature on the charge sale slips alleging her daughter-in-law purchased the merchandise. However, the defendant's answer failed to plead such a disavowal as an affirmative defense and the plaintiff timely objected to introduction of such evidence. The disavowal of signature is an affirmative defense which must be specially plead. LSA-C.C.P. art. 1005; LSA-C.C. art. 2244[2]; Mirandona Bros. v. Danos, 56 So.2d 159 (La.App. Orl.1952); Olympic Homes, Inc. v. Ory, 207 So.2d 258 (La.App.1st Cir.1968), writ refused 209 So.2d 41; Colonial Bank v. Johnnie B. Peters, 353 So.2d 400 (La. App.4th Cir.1977); Cox v. Cox, 193 La. 268, 190 So. 401 (1939).
Upon appeal, the defendant filed peremptory exceptions of no cause of action and no right of action. An appeals court may consider the peremptory exception filed for the first time in that court, if pleaded prior to submission of the case for a decision, and if proof of the ground of the exception appears of record. LSA-C.C.P. art. 2163.
*253 The peremptory exception of no cause of action questions whether the law affords a remedy to anyone for the particular grievance alleged. Then, assuming the petition pleads a valid cause of action, the peremptory exception of no right of action questions whether the particular plaintiff is a party to whom the law affords a remedy. LSA-C.C.P. art. 927; Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972).
The creditor's petition seeks to recover from the defendant amounts past due on an open account, a right clearly afforded by law to the plaintiff. Thus, the plaintiff is entitled to enforce the remedy granted by law.
The defendant argues that since she did not make the purchases that the plaintiff has no right of action. The allegation that her daughter-in-law made the purchases signing her signature to the charge sale slips is an affirmative defense. The defendant may not use the peremptory exception of no right of action to urge that plaintiff has no right of action because there is a valid defense to the claim. Bielkiewicz v. Rudisill, 201 So.2d 136 (La. App.3rd Cir.1967); Gustin v. Shows, 377 So.2d 1325 (La.App.1st Cir.1979). Additionally, there was sufficient evidence indicating the use by the daughter-in-law was under the implied authority of the cardholder. Thus such did not constitute unauthorized use which would absolve defendant of liability.
The decision of the trial court is affirmed at appellant's cost.
AFFIRMED.
GUIDRY, J., concurs and assigns written reasons.
GUIDRY, Judge, concurring.
I concur in the result but would not reach the issue as to whether or not the record contains sufficient evidence as to the daughter-in-law's use of the credit card being with the implied authority of the cardholder.
For the reasons stated in the majority opinion evidence tending to prove invalidity of defendant's signature on the charge slips was inadmissible. Defendant did not seek leave to amend her answer to affirmatively plead disavowal of signature (LSA-C.C.P. Art. 1154). The evidence as to signature disavowal was inadmissible and should not have been considered. Under such circumstances plaintiff is clearly entitled to judgment.
For these reasons I respectfully concur.
NOTES
[1] LSA C.C. art. 2277 states:

"All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances."
[2] LSA C.C. art. 2244 states:

"The person against whom an act under private signature is produced, is obliged formally to avow or disavow his signature.
The heirs or assigns may simply declare that they know not the handwriting or the signature of the person they represent."