GULOTTA, Judge.
Pico Credit Corporation of Westbank, Inc. appeals from the dismissal without prejudice of its suit via ordinaria to enforce a chattel mortgage executed by defendants Calvin and Carla Jenkins. We reverse and remand.
The petition alleges that the note and mortgage, dated May 4, 1982 for $2,537.52, provided for monthly installments in the sum of $211.46, and that, despite demand, defendants have failed to pay the installment due August 15, 1982, leaving a balance in the sum of $2,100.05. Defendants’ answer was a general denial.[1]
Appealing, plaintiff contends the trial judge erred when he permitted testimony of defendant’s disavowal of his signature because defendant had not pleaded disavowal as an affirmative defense. We agree.
Paul Juarez, the credit and branch manager of Pico Credit, testified that in May, 1982, a $2,537.50 loan was made in the name of Calvin and Carla Jenkins, and was signed by a Calvin Jenkins with an address of 65 Imperial Street and a current address *272 of 1919 N. Johnson listed on the Credit Bureau computer printout.
Defendant’s wife, Carla Jenkins, testified that neither she nor her husband were aware of the loan, that they did not own any of the property (described in the phone call from Pico) and that they did not live at 65 Imperial Drive.
Calvin Jenkins testified he was first aware of the promissory note and chattel mortgage when his wife asked him about it after Pico had called her. When Calvin Jenkins testified he had not signed the promissory note, plaintiffs counsel objected on the grounds that defendant had not specifically pleaded disavowal of signature. The trial judge noted the objection and reserved his ruling.
When a defense witness, Cy Courtney, an expert in document examination, began to testify about his opinion of the authenticity of the signature, plaintiff objected a second time. The trial judge again reserved his ruling on the objection.
The Code and jurisprudence are clear that disavowal of a signature is an affirmative defense that must be specially pleaded. LSA.C.C. Art. 2244 and LSA. C.C.P. Art. 1005; Olympic Homes, Inc. v. Ory, 207 So.2d 258 (La.App. 1st Cir.1968), writ refused 209 So.2d 41 (La.1968); Selber Bros., Inc. v. Bryant, 406 So.2d 251 (La.App. 3rd Cir.1981); Colonial Bank v. Peters, 353 So.2d 400 (La.App. 4th Cir.1977); Mirandona Bros. v. Danos, 56 So.2d 159 (La.App. Orl.1952). Because defendant failed to plead in his answer disavowal of his signature and only pled a general denial, the trial judge was compelled to sustain a timely objection to the introduction of evidence regarding the disavowal, arid to allow defendant an opportunity to amend, with leave for plaintiff to obtain a continuance (if it so desired) to prepare a defense to the disavowal claim. His failure to do so constitutes reversible error.
Having so concluded, we reverse and set aside the judgment dismissing plaintiff’s suit. The matter is remanded to the trial court to allow defendant to amend his answer and to reset the matter for a new trial.
REVERSED AND REMANDED.

. In addition to naming Calvin Jenkins as a defendant, the petition named his wife Carla as an indispensable party liable jointly and in soli-do. The court dismissed Carla Jenkins because no evidence was produced that she had signed any of the documents.