KING, Judge.
The sole issue presented by this appeal is whether the trial judge was correct in ruling that plaintiff failed to prove by a preponderance of the evidence the authenticity of the defendant’s signature on a promissory note.
Calcasieu Marine National Bank of Lake Charles (hereinafter plaintiff) filed a Petition for Deficiency Judgment against Jackie 0. Miller (hereinafter defendant) on a promissory note. Defendant filed an answer with an affirmative defense, denying he had signed the promissory note, and a third party demand against Billy Navarre Chevrolet, Inc. (hereinafter Billy Navarre). Subsequently, the third party demand against Billy Navarre was dismissed with prejudice.
A trial on the merits was held and evidence presented. The trial judge rejected the demands of plaintiff and ordered plaintiff’s suit dismissed. A formal written judgment was signed. Plaintiff timely appeals. We affirm.
FACTS
On April 22, 1988, a promissory note (hereinafter the note), purportedly executed by defendant, was given in Sulphur, Louisiana to the order of plaintiff in the amount of $17,327.40. The terms of the note were that it was payable in 60 installments of $289.79 each, with the first installment due on May 22, 1988, and the remaining installments due on the same day of each succeeding month thereafter until paid. The annual interest rate on the note was 13.25% and the note was par-aphed “Ne Varietur” for identification with an Act of Chattel Mortgage dated April 22, 1988, by which defendant allegedly mortgaged, as security for the note, a 1988 Chevrolet pickup truck which he purchased from Billy Navarre on the same date. The Chattel Mortgage was a private act before two witnesses and acknowledged by one of the witnesses before a Notary Public.
On May 26, 1988, defendant’s attorney wrote a letter to Billy Navarre stating that certain discrepancies were contained in the copies of the documents sent to defendant and that defendant did not sign some of the documents on which his alleged signature appeared. Several more letters were sent by defendant’s attorney to Billy Navarre and plaintiff in the following weeks concerning the same discrepancies.
Plaintiff filed a Petition for Executory Process on July 25, 1988, claiming that defendant had been in default in paying the note since May 22, 1988 and sought a writ of seizure and sale for the pickup truck described in the Act of Chattel Mortgage. The district judge signed the order granting the writ of seizure and sale on August 16, 1988. After appraisal, the pickup truck *1367 was sold to plaintiff at Sheriff's Sale on October 5, 1988 for $5,600.00.
Plaintiff then filed a Petition for Deficiency Judgment against defendant on November 4, 1988. In response, defendant filed an answer to plaintiffs petition, with an affirmative defense denying his signature on the note, and a third party demand against Billy Navarre. In his answer defendant claimed that his signatures on the promissory note and the chattel mortgage were forged. In his third party demand plaintiff claimed that Billy Navarre intentionally misstated facts, charged defendant twice on many items in the Act of Sale and forged defendant’s signature on the note and chattel mortgage. Defendant’s third party demand was dismissed with prejudice on May 3, 1990.
Plaintiff filed a Motion for Summary Judgment on April 10, 1989, which was set for hearing on May 8,1989, but was continued to November 6,1989. After a hearing, the trial judge overruled plaintiff’s motion for summary judgment on November 6, 1989.
At trial, plaintiff introduced the testimony of plaintiff’s Charge-Off Loan Administrator, Peggy Howell, who identified the note as the original note in plaintiff’s possession.
Defendant testified that he bought the pickup truck from Billy Navarre and that the sale was supposed to have been financed by GMAC. Defendant also testified that he went to Billy Navarre and signed some documents to complete the sale and financing with GMAC, but that it was not his signature on the act of sale with chattel mortgage or the note, all dated April 22, 1988. Defendant’s driver’s license with his signature was introduced into evidence and defendant also signed his name on a piece of paper in open court. These signatures were offered into evidence for comparison with the signatures on the note and chattel mortgage.
The trial judge rejected plaintiff’s demand for deficiency judgment for the reasons that defendant had proved a forgery of his signatures by his denial that he signed the instruments and plaintiff had failed to prove by a preponderance of the evidence the authenticity of defendant’s signatures on the documents. The trial judge further stated that he felt he did not possess enough expertise to examine and compare the signatures with the other signatures in evidence to decide if they were authentic or not.
LAW
Under La.C.C. Art. 1838 and La.C.C.P. Art. 1005, a defense that a signature under private act is a forgery must be set forth affirmatively in the answer. Olympic Homes, Inc. v. Ory, 207 So.2d 258 (La.App. 1 Cir.1968), writ ref., 209 So.2d 41 (La.1968); Colonial Bank v. Peters, 353 So.2d 400 (La.App. 4 Cir.1977). In the present case the record discloses that defendant did affirmatively allege that his signature was forged in his answer to plaintiff’s petition.
In this case, we are dealing with a note dated April 22, 1988. We find that this note is a negotiable instrument under La. R.S. 10:3-104 and is subject to the Commercial Paper Laws, La.R.S. 10:3-101, et seq. The note is (1) “purportedly” signed by the maker, Jackie O. Miller; (2) contains an unconditional promise to pay a sum certain in money, $17,327.40; (3) is payable at a definite time, May 22, 1988, with remaining installments due on the same day of each succeeding month; and (4) is payable to the order of the plaintiff, Calcasieu Marine National Bank of Lake Charles.
At issue in this case is the authenticity of defendant’s signature on the note. La.R.S. 10:3-307, dealing with the burden of establishing signatures on a negotiable instrument, states in pertinent part:
“(1) Unless specifically denied in the pleadings each signature on an instrument is admitted. When the effectiveness of a signature is put in issue
(a) the burden of establishing it is on the party claiming under the signature;
[[Image here]]
At trial, the only evidence introduced by plaintiff was the note itself and the testimony of the plaintiff bank’s charge-off loan administrator who identi *1368 fied the note as being the note in plaintiffs possession. Plaintiff could have, but did not, introduce the testimony of the parties who allegedly witnessed defendant signing the note and chattel mortgage. Plaintiff also could have had an expert in handwriting analysis compare the signatures on the note with that on defendant’s driver’s license or some other authenticated document defendant had signed and testify that the signature on the note was that of defendant. However, plaintiff did not choose to introduce any other evidence than that of the note itself. We agree with the trial judge that defendant established, by a preponderance of the evidence, a defense of forgery by his denials that it was his signatures on the note and chattel mortgage. Additionally, defendant pointed out in his testimony several differences between his actual signature and the signatures on the note and chattel mortgage. For these reasons, we find that plaintiff failed to prove by a preponderance of the evidence that the signature on the note was that of defendant. A.B. Chenault v. C & H Enterprises, Ltd., 514 So.2d 535 (La.App. 3 Cir.1987); Colonial Bank v. Peters, 353 So.2d 400 (La.App. 4 Cir.1977).
Plaintiff claims that under La.C.E. Art. 901(B)(3), the trial judge should have compared the various signatures of defendant in evidence with that on the note and himself determined whether the signature on the note was that of defendant. As the Louisiana Supreme Court stated in Bass v. Prewett, 225 La. 883, 74 So.2d 150 (1954):
“In the event the signature is denied, its genuineness must be proved by witnesses who have seen the defendant sign the act or who knew it to be his signature because they have frequently seen him write and sign his name. The proof may also be made by experts or by comparison of his writing.... We know of no law which requires the judge to make proof of the litigant’s case.” Bass v. Prewett, 225 La. 883, 74 So.2d 150, at page 152 (1954).
Under La.C.E. Art. 901(B)(3), the trier of fact is not obligated to himself determine the authenticity of a signature. La.C.E. Art. 901(B)(3) is merely an example of a permissible means of authenticating a signature. The trial judge recognized that he did not have the expertise to make such a determination because, as he stated, a good forgery will look similar to an authentic signature and only an expert can distinguish between the two. We agree with the trial judge and find that he was not himself required to determine the authenticity of the note under La.C.E. Art. 901(B)(3). The trial judge had no other evidence before him to aid in his determination of the authenticity of defendant’s signature of the note. We do not find that the trial judge was manifestly in error or clearly wrong in finding plaintiff had failed to prove by a preponderance of the evidence the authenticity of defendant’s signature on the note.
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiff-appellant.
AFFIRMED.