FRUGÉ, Judge.
This is an action by the plaintiff, Cameron D. Keene, to recover upon an open account for building materials, labor, and services furnished to the defendant, J. D. McEntyre, in connection with the construction of a dwelling house for the defendant-owner. From a judgment rejecting plaintiff’s demands, this appeal is prosecuted.
This case is one largely of disputed facts. In its opinion the trial court stated:
“In this suit plaintiff’s cause of action is based upon an open account for building materials and labor furnished in the construction of a dwelling for defendant. There was no written contract. Plaintiff alleges that he sold, delivered and furnished unto the defendant, labor, services, and building materials from August 7, 1959 through September 22, 1959, upon which there remains a balance due of $565.71.
“Defendant in answer avers that plaintiff contracted with him to do certain work on his residence in Jena, *812 Louisiana for a sum certain of $4,000.-00; that this contract was verbal. That he paid the entire amount and denies that he owes any additional sum.
“Plaintiff’s testimony is to the effect that he agreed to build a home for the defendant. That defendant told him he had $4,800.00 with which to build a house, but there was never any definite amount set within which he was to build the house. That he informed the defendant that it was running over the $4,800.00 and that the defendant said go ahead and that if it did not run too much he would make up the balance, that the finance company had promised him an additional loan.
“The testimony is to the effect that the loan made to defendant for the construction of the home was made by First Federal Savings and Loan Association of Winnfield, Louisiana. The plaintiff testified that as the defendant paid him it was with checks received from First Federal Savings & Loan Association of Winnfield and endorsed to him. His testimony was that his receipts for services and materials was in the total sum of $4,700.00.
“The testimony of the defendant is that he made a verbal agreement with plaintiff to build a certain portion of his home for $4,000.00. That he was to retain $800.00 back for plumbing, wiring and fixtures for the bathroom. That he explained that the $4,000.00 was all that was available for the work. That he cautioned the plaintiff on several occasions not to run over the amount. That he later gave Mr. Keene an extra $700.00 for the material that he bought extra, Mr. Keene having explained that he could buy the fixtures cheaper than $700.00 and save him some money. That approximately one week before the plaintiff quit, he came and stated that it was going to run over and that he told him to quit right then and do no more work.
“Mrs. McEntyre, wife of the defendant, testified that she was present during the discussion and agreement and that the plaintiff agreed to build the house for the amount they had secured through the loan. That she heard her husband on many occasions tell the plaintiff not to run over the amount. That the plaintiff on those occasions agreed not to run over.
“Mr. Lawrence Eubanks testified that he originally staked off the building site. That the defendant had first discussed with him the building of it. That he was working for Mr. Keene and that he accompanied the defendant to Mr. Keene’s house and was present at the figuring of the cost. That he was present when plaintiff agreed to build for $4,000.00. That on that occasion defendant explained that he only had $4,000.00 and that it could not run over that amount. That he assisted Mr. Keene in building the house and heard the defendant tell him any number of times not to exceed the amount.
“In any suit it is incumbent upon the plaintiff to prove his case by a preponderance of the evidence.
“In the instant case plaintiff has failed to prove, in the opinion of the Court, that this was a case in which he was permitted to receive pay for unlimited expenditures. The testimony preponderates in favor of the defendant. Mr. Eubanks, who has no interest whatsoever in the case and an employee of the plaintiff, corroborates the testimony of the defendant. The defendant in each instance endorsed the check received from the lending agency over to the plaintiff. He cautioned the plaintiff not to exceed the amount agreed upon.
“Accordingly, it is the opinion of the Court that the plaintiff has failed to make out a case; that the evidence preponderates in favor of the defend *813 ant; and that therefore the case should .be dismissed at plaintiff’s cost.”
 The plaintiff in a suit for a monkey judgment has the burden of establishing his case by a preponderance of the evidence in order to be entitled to a judgment. We are of the opinion that plaintiff has failed to prove his case. Having found no manifest error in the trial court’s decision, we .adopt it as our own.
For the reasons hereinabove set forth the judgment appealed from is affirmed. All ■costs of this appeal are assessed against the plaintiff-appellant.
Affirmed.