PICKETT, Judge.
This suit was instituted by B. Stern Company, Limited, a Louisiana corporation, against Mary Smith Perry, Adminis-tratrix of the Succession of D. L. Perry, Deceased, in which suit the plaintiff alleges that at the time of the death of D. L. Perry he owed petitioner the sum of $2,-547.00, for goods, wares, merchandise and, particularly, agricultural supplies sold to him on open account, as set forth in a copy of that account attached to plaintiff’s petition. The plaintiff, also, claimed it was entitled to recover the sum of $25.00 advanced as court costs when it provoked the succession proceedings for the appointment of an administrator for the succession of D. L. Perry. The defendant answered plaintiff’s petition with a general denial of the indebtedness. In her answer, the Ad-ministratrix interposed pleas of one and three years prescription and declared the claim was unenforceable under the provision of LSA-R.S. 13:3721; and further contended that parol evidence was inadmissible under LSA-R.S. 13:3721, and that plaintiff’s books and records were inadmis *248 sible under the provisions of LSA-C.C. Article 2248. The defendant also filed formal exceptions of no cause and no right of action, prescriptions of one and three years, and a motion to strike the copy of the open account attached to plaintiff’s petition because of the prohibition contained in LSA-C.C. Article 2248. Thereafter, the plaintiff amended its petition to show that the sum of $1,607.56 of the amount sued on represented purchases made by Mary Smith Perry in the operation of the Estate after the death of D. L. Perry; and that if the Succession of D. L. Perry was not liable for said amount, then, in the alternative, Mary Smith Perry was liable therefor. The motion to strike was denied, and all of the exceptions were overruled by the Trial Judge. Thereafter, Mrs. Mary Smith Perry, individually and as Adminis-tratrix, answered plaintiff’s amending petition with a general denial. Upon the issues as thus presented, the case was tried on the merits, and the demands of the plaintiff were rejected. The plaintiff has appealed devolutively.
The plaintiff-appellant assigns as errors of the Lower Court the failure to render judgment in plaintiff’s favor and against the Succession of D. L. Perry for the sum of $939.44, based on the evidence of Fred C. Kopfler, Vice-President of the plaintiff corporation; and in holding that appellant failed to prove that Mrs. D. L. Perry was liable for the sum of $1,607.56 of the amount sued for, because of insufficient proof. The appellant, also, assigned as error the failure of the Lower Court to render judgment for the sum of $25.00 in its favor for the court costs advanced by appellant for opening the succession of D. L. Perry, No. 4038 on the Probate Docket of the District Court for the Parish of Washington, Louisiana. The appellant contends in the alternative, that if this court should affirm the findings of the Trial Judge, that the plaintiff failed to prove its case because of insufficient evidence, then, the case should be remanded to give the plaintiff an opportunity to submit additional evidence.
The evidence shows that D. L. Perry died intestate, in Washington Parish, Louisiana, on June 14, 1966. The plaintiff, alleging that D. L. Perry was indebted unto it, filed a petition on May 26, 1967, asking that the Succession of D. L. Perry be opened, and that it be appointed Administrator of the succession. Mary Smith Perry, the widow of D. L. Perry, filed an opposition to the plaintiff’s petition to be appointed administrator of the succession of her deceased husband; and thereafter on July 21, 1967, filed a petition in the same cause which bears Probate Docket No. 4038 of the District Court of Washington Parish, Louisiana, asking that she be appointed Administratrix of said succession. She was confirmed as Administra-trix of the estate, and on September 26, 1967, Letters of Administration issued to her. On October 13, 1967, the plaintiff filed a proof of claim against the Succession of D. L. Perry, Deceased, for the sum of $2,547.00. The instant suit to enforce the claim against the estate of D. L. Perry was filed on October 20, 1967.
One of the defenses interposed by the defendant was that the plaintiff did not comply with the provisions of LSA-R.S. 13 :3721, by filing its suit within one year after the death of D. L. Perry. The Trial Judge held the suit was timely filed, and that, hence, the provisions of the above-mentioned statute did not apply to prevent parol testimony to prove the account. Considering the judgment rendered by the trial court, and our resolution of the issues herein involved, as hereinafter set forth, we do not find that the defendants have been prejudiced by his ruling on the applicability of LSA-R.S. 13:3721.
On the trial of this case, counsel for plaintiff called one witness, Mr. Fred C. Kopfler, Vice-President of the plaintiff corporation, B. Stern Co., Limited. Mr. Kopfler testified that he was in charge of the accounts receivable of the plaintiff corporation during the period from 1926 through 1966. He identified certain documents attached to plaintiff’s petition that *249 were marked P-3A, P-3B, P-4A, and P-4B, which he said reflected the actual condition of the account of D. L. Perry. The plaintiff offered no other evidence in proof of its claim against the defendant. The Trial Court held that under the provisions of LSA-R.S. 13:3722, the plaintiff had not presented sufficient evidence to support a judgment against the Succession of D. L. Perry. The Trial Court said in his written “Reasons for Judgment:”
“R.S. 13:3722 provides that where parole evidence is admissible under R.S. 13:3721, the debt or liability of the deceased must be proved by the testimony of at least one creditable witness other than the claimant. Under this article, it was held in the case of Southern Hide Company v. Best, 174 La. 748, 141 So. 449, that the testimony of the corporate plaintiff’s president to prove a debt of the deceased was testimony of the plaintiff within the meaning of R.S. 13:3722. Thus, it was held that there had to be testimony of at least one other creditable witness in order to prove the claim against the deceased by parole evidence. Here the only testimony introduced was that of Mr. Fred C. Kopfler, a vice president of B. Stern Company, Limited. Under the holding of the Southern Hide Company case, his testimony has to be considered the testimony of the plaintiff. The one other creditable witness which is necessary for the plaintiff to prove a debt against the deceased by parole evidence is missing. Therefore, the Court must hold that the evidence presented to prove the debt of the deceased, D. L. Perry, in the amount of NINE HUNDRED THIRTY-NINE AND 44/100 ($939.44) DOLLARS is insufficient and plaintiff’s claim as against the estate must be dismissed.”
LSA-R.S. 13:3722 provides:
“When parol evidence is admissible under the provisions of R.S. 13:3721 the debt or liability of the deceased must be proved by the testimony of at least one creditable witness other than the claimant, and other corroborating circumstances. As amended Acts 1960, No. 32, § 1.”
We conclude, as did the Trial Court, that under the holding of our Supreme Court in the case of Southern Hide Company v. Best, 174 La. 748, 141 So. 449, the testimony of Mr. Kopfler was the testimony of the plaintiff corporation. Since there was no testimony by one other creditable witness, the plaintiff failed to comply with the mandatory provisions of the above cited statute. Therefore, we concur in the judgment of the Trial Court in denying plaintiff’s claim against the Succession of D. L. Perry, Deceased.
Mrs. D. L. Perry was called as a witness by counsel for plaintiff, and she denied that she had an account with the plaintiff. Mr. Kopfler admitted that all charges were made against D. L. Perry. The only testimony introduced by the plaintiff to prove the claim against Mrs. Perry was the item-Red statements of account identified as to its correctness by Fred C. Kopfler. Although Mr. Kopfler testified that when delivery of merchandise was made for a charge account, the delivery tickets were receipted for by the person to whom delivered, no such ticket, or invoice, was produced. Furthermore, Mrs. Perry testified that she paid cash for all items purchased by her from plaintiff after the death of her husband. Mrs. Perry clearly denied that she owes plaintiff anything. In Howard v. Coyle, 163 La. 257, 111 So. 697, the court held that where testimony was flatly contradictory, the parties being equally creditable, the court must reject the demands of the party having the burden of proof. In that case, the court said:
“This is flatly denied by Coyle, and, there being nothing to corroborate Howard, and assuming that the parties are of equal credibility and the burden of proof being on Howard, the statement must be regarded as not proven under the well-established rules of evidence.”
*250 The Court in Winford v. Wilson, La.App., 59 So.2d 498, said:
“Defendant argues, correctly, that the. burden is on the plaintiff to make out his case by a preponderance of the evidence. It is also correct to say that when .the unsupported testimony of plaintiff is contradicted by the testimony of defendant and the credibility of neither is attacked, plaintiff is held not to have made out his case.” .
In the case of East Carroll Grain Co-op Association v. Hardey, La.App., 152 So.2d 572, the court adhered to the above cited rule and said:
“Confronted with a case in which one of the parties testifies ‘yes’ and the other party 'testifies W, where there is no reflection upon the credibility of either, and where the surrounding circumstances fail to weight the scale in favor of one and against the other, a court has no alternative except to reject the demands of the party upon whom rests the burden for their establishment. * * *”
The findings of the Trial Judge are in keeping with the above cited rule. It was held in Keene v. McEntyre, La.App., 139 So.2d 811, that the plaintiff in a suit for a money judgment has the burden of establishing his case by a preponderance of the evidence in order to be entitled to a judgment. The plaintiff in this case had the burden of proving its claim. After a careful review of the record in this case, we conclude, as did the Trial Judge, that the plaintiff has failed to prove its case against Mrs. D. L. Perry, and that the claim against her should be dismissed.
We find no evidence in the record to support the claim for $25.00 alleged to have been advanced to file the Succession proceeding No. 4038. Mr. Simpson, at page 93 of the record, said: “We sued for $2,547 plus $25.00 for the succession that we owe.” It appears from that statement that plaintiff has not paid the court costs in the succession suit. This claim is rejected for lack of proof.
The appellant, in the alternative, has asked that if the court should hold that plaintiff erred in failing to introduce testimony other than that of Fred C. Kopfler, that the case should be remanded for the introduction of additional evidence. There is no showing that the evidence that plaintiff might introduce if this case were remanded was not available when the case was tried on its merits. In the recent case of Herbert v. Travelers Indemnity Company et al., 255 La. 645, 232 So.2d 463, our Supreme Court said:
“The law favors a prompt disposition of cases for the benefit of litigants who have had their day in the trial court. Protracting the litigation to receive evidence that should have been obtained for the original trial is to be avoided. Texas Pipeline Co. v. Johnson, 223 La. 380, 65 So.2d 884, 38 A.L.R.2d 785; Kinnebrew v. Louisiana Ice Co., 216 La. 472, 43 So.2d 798; Young v. Mulroy, 216 La. 961, 45 So.2d 357; Chalmers v. Frost-Johnson Lumber Co., 143 La. 836, 79 So. 424.”
The jurisprudence is well established in this State that litigants should not be permitted to try their cases by piecemeal and to continue protracted litigation as to facts that could have been established on the original trial. The appellant has not disclosed any material fact that it proposes to establish if this case is remanded that it could not have established on the original trial. Therefore, we conclude that appellant is not entitled to have this case remanded to the Lower Court for additional evidence.
For the foregoing reasons the judgment of the Trial Court is affirmed. All costs' to be paid by plaintiff-appellant.
Affirmed.