ON REHEARING
MILLER, Judge.
A rehearing was granted to allow defendant appellant Wayne D. Joiner to employ counsel. Counsel has been employed by Mr. Joiner, but for the limited purpose of representing him in the event the case is remanded. Mr. Joiner again appears in propria personae and complains that he was required to proceed to trial without having counsel and seeks “a new trial (so) that he might obtain the proper legal counsel.”
The suit for attorney fees was filed September 10, 1971. An answer in the form of a general denial was filed by defendant’s attorney on September 28, 1971. The trial was held on December 7, 1971. On December 6th at about 6 p. m., defendant’s attorney notified him that he could not appear at the trial because he was required to attend a jury trial in another court. When the case was called for trial on December 7th, defendant’s counsel appeared with Mr. Joiner and stated for the record that Mr. Joiner “understood that I wasn’t going to be able to be here so therefore at this time I wish to formally withdraw as counsel of record in this matter.” Mr. Joiner did not object to his counsel’s withdrawing nor did he (or his original counsel) seek a continuance.
Following the withdrawal of counsel, the court asked the parties if they were ready to proceed to trial. The following statements are recorded:
“MR. JOINER: Are we going to trial now today?
“BY THE COURT: It was set for trial today Mr. Joiner.
“MR. JOINER: Well we will go ahead with it but I would like to express my feelings to you, that having two trained veteran attorneys against me makes me nervous. It scares me to come to court much less to know that I have two trained attorneys that are going to be against me.
“BY THE COURT: I don’t know what I can do in the matter Mr. Joiner. I can’t assign counsel for you, that is just not permitted under the law. There is no attorney for me to assign. There is not anything for me to do in the situation. In criminal cases the Court can assign counsel to defend people but we can’t do that in civil cases. You can rest assured that no one is going to take advantage of you and that whatever decision this Court renders is going to be based upon the evidence that comes out in the courtroom. All the judge is is a trier of facts and in doing that all he really does is search out the truth. That is all I can say.
“MR. JOINER: We will go ahead.”
The thrust of defendant’s evidence was that the fees charged were excessive. He measured this by charges paid to attorneys who had represented his wife in three previous separation suits. In those cases he had paid $100 twice and $150 once. Mr. Joiner objected to paying for time spent by plaintiffs in checking records in the Clerk of Court’s office, contending that his transfers of community property were irrelevant since the community is not divided until after the legal separation is obtained. On cross-examination defendant admitted that he had titled some community property in his brother’s name shortly before the separation suit was filed.
*319 There was no application for new trial filed to the trial court and the delays have long since expired. LSA-C.C.P. Art. 1974.
Defendant’s brief to this court is in the nature of an application to remand for a new trial so that defendant can be represented by counsel at the new trial. Defendant attached newspaper clippings showing that a convicted murderer was granted a new trial and reasons that “the Court of Appeals should grant ... a new trial, as he has not had a fair trial.” But defendant has not suggested that there is additional evidence which could be presented or that the judgment is contrary to law or the evidence.
It was well established that plaintiffs were employed by defendant’s wife when she needed their services; that she agreed to the fees charged; that the attorneys performed more services than those for which they seek recovery; and that the fees charged were reasonable. There is no suggestion that evidence could be produced to disprove these conclusions.
Although we have the right to “. . . render any judgment which is just, legal, and proper upon the record on appeal” (LSA-C.C.P. Art, 2164) and we can remand for the introduction of additional testimony when by such action the ends of justice will best be served (Salley Grocer Co. v. Hartford Accident & Indem. Co., 223 So.2d 5 [La.App. 2 Cir. 1969]), we will not remand where there is no showing of a material fact which might be established which was in fact not established. B. Stern Co. v. Perry, 246 So.2d 246 (La.App. 1 Cir. 1971).
The judgment of the trial court is again affirmed at defendant’s costs.
Affirmed.
HOOD, J., dissents, being of the opinion that the case should be remanded for a new trial.