447 So.2d 594 (1984)
FINANCIAL CORPORATION, Plaintiff-Appellant,
v.
ESTATE OF Frank COOLEY, Defendant-Appellee.
No. 83-492.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
*596 Ralph Brewer, Baton Rouge, for plaintiff-appellant.
Donald J. Richard, Opelousas, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and STOKER, JJ.
STOKER, Judge.
Plaintiffs appeal from a rejection of a claim for the sum of $6,060.86 alleged to be the balance due on a lost mortgage note in the amount of $9,800. Frank Cooley, now deceased, allegedly executed the note and gave a mortgage on his property to secure the note. Plaintiffs brought this suit as an action for declaratory relief against the Estate of Frank Cooley.
The trial court dismissed plaintiffs' demand after presentation of plaintiffs' case on a motion by the defendant estate under LSA-C.C.P. art. 1810(B). We affirm.
The issues presented are interrelated. They are:
(1) Did the plaintiffs carry the burden of proving that Frank Cooley was indebted to plaintiffs at the time of his death and, *597 particularly, was Frank Cooley (and now his estate) indebted on a note such as the one described above which we will refer to as Note 3?
(2) Under the circumstances, especially the fact that Frank Cooley is deceased, was parol evidence available to plaintiffs in the proof of their case?
Plaintiffs are Financial Corporation (Financial) and U.S. Thrift and Loan Corporation (U.S.). The latter is a domestic subsidiary of Financial.
Plaintiffs' case, from a factual standpoint, rests on the position that Frank Cooley owed certain debts antecedent to the $9,800 note (Note 3) and that it was executed in order to consolidate these debts. After acquiring these antecedent debts, which Frank Cooley owed to third parties, these obligations were converted or consolidated into a single indebtedness represented by the mortgage note (Note 3) plaintiffs claim is lost. (According to plaintiffs' petition the note was made in favor of a corporation which later merged with U.S.) No mortgage on the immovable property of Frank Cooley, located in St. Landry Parish, was ever recorded. No copy of the alleged mortgage surfaced. The remainder of the evidence offered by plaintiffs consists of showing alleged acknowledgments of the debt (by Frank Cooley's widow and son in his succession proceedings and by a certain suit filed in federal court by Frank Cooley before his death), business records, and testimony of the secretary-treasurer of the plaintiff corporations. Regardless of what this evidence establishes, plaintiffs have failed to link this evidence with the creation of Note 3. In summary, we find that plaintiffs failed to establish by a preponderance of the evidence that the note ever existed or that a balance is owed by the Estate of Frank Cooley to plaintiffs. Plaintiffs' failure appears even more certain because of the legal restrictions under which they labored in attempting to prove a debt owed by a deceased person. They were unable to surmount those restrictions.

FACTS
In as summary a fashion as possible we will describe the evidence by which plaintiffs sought to establish their case. Plaintiffs produced a certificate of mortgage dated April 20, 1977 to show that Frank Cooley executed a mortgage note (Note 1) for $3,397.20 on July 17, 1963 in favor of "Holder or Holders." The same certificate shows that Frank Cooley executed another mortgage note (Note 2) for $7,600 on January 27, 1965 in favor of First Federal Savings and Loan Association of Opelousas. Plaintiffs claim they acquired these two notes and that they were consolidated into one note (Note 3) in February of 1966 in the amount of $9,800. The indebtedness for which plaintiffs sue here is represented by them to be the balance due on Note 3.
As part of proof of the indebtedness in their favor plaintiffs rely upon certain representations in a suit filed in federal court by Frank Cooley before his death. This suit was dismissed in 1978. Plaintiffs also rely on an entry on the descriptive list filed in Frank Cooley's succession proceedings by his widow, Celina Cooley, and his son, Frank Cooley, Jr. The descriptive list contains an item under community debts described as "Mortgage due U.S. Thrift & Loan Corporation $8,739.22."
At trial, Financial and U.S. attempted to prove the alleged debt (represented by Lost Note 3) by introducing as evidence (1) the certificate of mortgage dated April 20, 1977, (2) the pleadings in the succession of Frank Cooley, specifically the detailed descriptive list, (3) the pleadings in the federal suit instituted by Frank Cooley against plaintiffs which was dismissed in 1978, (4) a business record of plaintiffs dated January 31, 1971, entitled "INSTALLMENT REAL ESTATE MORTGAGESNOTES RECEIVABLE" showing that Frank Cooley owed $9,314.32, and (5) the testimony of Audrey L. Sternberg, present secretary-treasurer of plaintiffs. (Financial and U.S. were formerly owned by Lambert Sternberg, deceased husband of Audrey L. Sternberg. Mrs. Sternberg is a present owner of the two corporate plaintiffs.)
*598 The only other witness called at trial (under cross-examination) by plaintiffs was Celina Cooley. She was unable to testify as to any of the matters in controversy.
From February of 1966 to April of 1976, by monthly installments of $75, Frank Cooley and later his representatives paid plaintiffs a total of $9,225. (By reason of these payments, defendant denies owing any balance on any notes to plaintiffs.)
Counsel for the defendant estate agreed through stipulation to the introduction of the documentary evidence referred to above but objected, through specific objection made general to all testimony, to the receipt of any parol evidence. Such testimony as was received was admitted subject to the defendant's objection. Generally, however, the trial court sustained defendant's objections to parol evidence. The defendant's objection to parol evidence in this case was preserved. In our opinion the parol evidence is inadmissible.
It should be observed here that the testimony of Mrs. Audrey L. Sternberg provided no illumination. She was not active in the plaintiff corporations at the time the operative facts took place. Her testimony was vague and did not add any helpful information to plaintiffs' case.
Earlier in this opinion we stated our belief that plaintiffs had failed to prove their demand by a preponderance of evidence. We now discuss the law applicable to the situation in this case.

LAW
The proper standard to be applied by the trial court when a motion for judgment of dismissal is filed under LSA-CCP art. 1810(B) at the completion of the plaintiff's case, is that the trial judge must weigh and evaluate all of the evidence presented up to that point in the trial and must grant dismissal if the plaintiff has not established proof by a preponderance of the evidence. Bradley v. Hunter, 413 So.2d 674 (La.App. 3rd Cir.1982), writ denied 415 So.2d 952 (La.1982). Therefore, the sole issue on appeal is whether plaintiffs proved their claim against defendant by a preponderance of the evidence.
Although parol evidence is ordinarily not admissible in proving written instruments, LSA-C.C. art. 2276, an exception is generally recognized where proof of a lost instrument is concerned. LSA-C.C. arts. 2279 and 2280. However, as in the instant case, where parol evidence would be offered to prove the debt of a deceased person, further precautions are required before evidence of this type is admissible. LSA-R.S. 13:3721 and 13:3722. In pertinent part R.S. 13:3721 provides:
"Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
. . .
"(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it."
The purpose of R.S. 13:3721 is to protect estates of decedents, their representatives and heirs against stale and unfounded claims which might have been refuted or disproved by testimony of the deceased were he living. Taylor v. Bocock, 276 So.2d 347 (La.App. 2d Cir.1973), writ denied 279 So.2d 205 (La.1973).
R.S. 13:3722 provides that:
"When parol evidence is admissible under the provisions of R.S. 13:3721 the debt or liability of the deceased must be provided by the testimony of at least one creditable witness other than the claimant, and other corroborating circumstances."
Under these statutes, we find that the testimony of Audrey L. Sternberg was inadmissible parol evidence. Although the sworn descriptive list filed in Frank Cooley's succession did list a debt in the form of a mortgage due to U.S. in the amount of *599 $8,739.23, a detailed, descriptive list is not one of, nor equivalent to, the types of acknowledgments required by R.S. 13:3721(2).
Even assuming that the requirements of R.S. 13:3721(2) were satisfied, the testimony of Audrey Sternberg would still be inadmissible under R.S. 13:3722 because the debt was not proved by "the testimony of at least one creditable witness other than the claimant." The purpose of the requirement that the person whose testimony is offered to prove the debt of the deceased be someone other than the claimant is to eliminate the possibility of fraud and perjury by a witness who has a direct pecuniary or proprietary interest in the claim. Savoie v. Rogers' Estate, 410 So.2d 683 (La.1981).
The claimants, Financial and U.S., are both corporations. Audrey Sternberg is an officer (secretary-treasurer) of the corporations. Where a corporation is the claimant, the testimony of its officers does not satisfy the requirement of "one creditable witness other than the claimant." Southern Hide Co. v. Best, 174 La. 748, 141 So. 449 (La.1932); B. Stern Company v. Perry, 246 So.2d 246 (La.App. 1st Cir. 1971), writ denied 247 So.2d 863 (La.1971). Likewise, Celina Cooley's testimony does not aide plaintiffs in satisfying the requirements of R.S. 13:3722 since her testimony did not, in any manner, support their claim.
Since we have found that the testimony of Audrey Sternberg cannot be used in proving plaintiffs' claim, the remaining question is whether plaintiffs have proved their claim by a preponderance of the other evidence that was admitted at trial. We find that plaintiffs have not done so.
The certificate of mortgage dated April 20, 1977 shows only that in 1959 Frank and Celina Cooley purchased some immovable property in St. Landry Parish and that they subsequently executed two mortgage notes covering this property. Plaintiffs claim that these two notes, Notes 1 and 2, were consolidated in February of 1966 into Note 3. Plaintiffs claim they became holders of Note 1, which is now lost. There is no proof to substantiate their claim that they are holders. They also claim that they paid Note 2 for Frank Cooley. There is likewise no proof to substantiate that claim. Plaintiffs claim that Notes 1 and 2, plus other advances, were consolidated to form Note 3 and that Note 3 is secured by a mortgage on the Cooley's immovable property. There is no evidence that a mortgage was filed to secure Note 3.
Plaintiffs contend that by listing a debt in the form of a mortgage due U.S. in the amount of $8,739.23 on a descriptive list in Frank Cooley's succession and by accepting his succession simply and unconditionally, that Celina Cooley and Frank Cooley, Jr., as representatives of the Estate of Frank Cooley, confessed and admitted the existence of the mortgage debt sued upon (Note 3). We disagree. As previously noted, a sworn descriptive list does not constitute the same type of acknowledgment required under R.S. 13:3721(2). A descriptive list is not conclusive, as to either the value or the ownership of the property. Succession of Amos, 422 So.2d 605 (La.App. 3rd Cir.1982). At most it is prima facie proof that a mortgage debt was owed to U.S. This does not constitute proof that the debt listed is the same debt that is presently claimed to be owed to plaintiffs. Neither is the simple and unconditional acceptance of the succession a confession of the mortgage debt (Note 3) sued upon. Although unconditional acceptance of a succession makes the acceptor liable for the debts of the decedent, a creditor must prove the correctness of his claim by legally admissible proof. Hobson v. Edelston, 13 So.2d 141 (La.App. Orl.1943).
Plaintiffs next contend that the original petition filed by Frank Cooley in his federal court suit constitutes a judicial confession (see LSA-C.C. 2291) that he executed a note (Note 3) in favor of Financial on February 1, 1966, and that U.S. later became the holder of that note. We disagree.
The pleadings in the earlier federal suit do not amount to a judicial confession under LSA-C.C. art. 2291. Article *600 2291 has reference only to the judicial confession made in the suit itself, either in the pleadings or in the note of evidence. It has no reference to confessions or admissions made in other suits. The latter can be classed only as extrajudicial confessions or admissions which are evidence but not as conclusive presumptions, or estoppels. Farley v. Frost-Johnson Lumber Co., 133 La. 497, 63 So. 122 (La.1913). The only instance where extrajudicial confessions operate as an estoppel against the party making them is where the party claiming the benefit of the estoppel resulting therefrom was deceived by those confessions and has relied or acted on them to his prejudice. Twillie v. H.B. Zachry Co., 380 So.2d 747 (La.App. 4th Cir.1980). Plaintiffs were not deceived by nor did they rely on the federal pleadings to their prejudice. Plaintiffs apparently disregard the fact that they denied all of the allegations of Frank Cooley's petition in their answer, and that Cooley filed an amending petition retracting the allegation that he executed such a note. At best the federal pleadings are evidence that a debt in the form of a mortgage note may have been owed by Frank Cooley to plaintiffs.
Plaintiffs' business record showing that in January, 1971, Frank Cooley owed $9,314.32 on a mortgage note adds little to their case. Audrey Sternberg did not know what the amount of $9,314.32 represented, nor could she answer any other questions concerning the document. Although Audrey Sternberg testified from other business memoranda and records at trial, none of the documents were introduced into evidence. Because her testimony was inadmissible under R.S. 13:3721 and 13:3722 there remains nothing for us to consider.
We conclude that plaintiffs have not proved their claim by a preponderance of the evidence. Under any view of the evidence plaintiffs have failed to prove the indebtedness sued on. No mortgage was filed or has ever been found to secure the alleged note. No notary or attorney appeared who could testify that either a mortgage or note was perfected. Taken as a whole, the evidence presented by plaintiff proves, at best, that Frank Cooley was at one time somehow indebted to them. Plaintiffs and defendant both admit that from February 1966 to April 1976, defendant paid a total of $9,225 to plaintiffs. Defendant claims that this payment satisfied whatever debts might have been owing to plaintiffs. There is insufficient proof to the contrary.
We hold that plaintiffs have failed to prove their claim by a preponderance of the evidence. The trial judge was correct in dismissing plaintiffs' suit. All costs are to be assessed against plaintiffs.
AFFIRMED.