467 So.2d 1217 (1985)
BANK OF LOGANSPORT, Plaintiff-Appellee,
v.
Sandra L. SEWELL, et al., Defendant-Appellant.
No. 16834-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1985.
Steven L. Porter, Mansfield, for appellee.
Bowers & Bowers by Burt A. Bowers, Shreveport, for appellant.
Before HALL, FRED W. JONES, Jr. and LINDSAY, JJ.
LINDSAY, Judge.
Defendant, The Succession of Herman Cason, appeals the judgment of the trial court in favor of plaintiff, The Bank of Logansport, awarding the balance due on a promissory note. We affirm the judgment of the trial court for the following reasons.
On April 27, 1984, plaintiff filed the instant action naming Sandra L. Sewell and The Unopened Succession of Herman Cason as defendants. Plaintiff alleged that it was the holder of a promissory note dated September 12, 1983 in the amount of $10,957.20 which was executed by Herman Cason and Sandra L. Sewell. The note was *1218 payable in 59 monthly installments of $182.62 each, commencing on October 17, 1983 with one final installment in the amount of $182.62 due on September 17, 1989. Plaintiff alleged that the defendants were past due on the monthly installment due on March 17, 1984 and despite amicable demand, had failed to pay any installments since that date. Thus, under the terms of the note, the entire unpaid principal balance of $7,239.44, together with interest, attorney's fees and all costs of the suit, was due and exigible. Plaintiff further alleged that one of the makers of the note, Herman Cason, was deceased and that no succession proceedings had been opened nor had a succession representative been appointed. Plaintiff prayed that an attorney be appointed by the court to represent the unopened succession.
An attorney was appointed by the court. However, through retained counsel, Wilbert Cason, the son and sole surviving heir of Herman Cason, filed an answer on May 21, 1984 and the appointed attorney was relieved of his appointment. On May 23, 1984, Wilbert Cason filed a petition to be placed in possession of Herman Cason's estate and a judgment of possession was rendered on that date. Wilbert Cason accepted the succession unconditionally and the promissory note was included as a debt in the succession's descriptive list.
A judgment of default was obtained against Sandra L. Sewell and on July 5, 1984 a trial on the merits was held in the action against the Cason succession. At the trial, plaintiff's only witness was the Vice President of the Bank of Logansport. The witness testified that he was the loan officer who had handled the transaction on the note and that he had witnessed the signature by Mr. Cason. Plaintiff introduced into evidence the original promissory note and the record of the decedent's succession proceedings. Without introducing any evidence, defendant moved for a dismissal of plaintiff's action on the ground that plaintiff had shown no right to relief and the court took the matter under advisement.
On July 9, 1984, the court rendered judgment in favor of plaintiff and against the defendant, Succession of Herman Cason, in the amount of $7,239.44 together with interest, costs and reasonable attorney's fees.
On appeal, the defendant asserts the following assignments of error:
1. The trial court erred in finding that the plaintiff proved its case by a preponderance of the evidence; and
2. The trial court erred in failing to apply the Louisiana "Dead Man's Statute", LSA-R.S. 13:3721 et seq., to the instant action.
Defendant argues that the plaintiff failed to prove its case by a preponderance of the evidence and cites various authorities, including LSA-C.C. Arts. 2277 and 2244-2245, in support of this argument.
Former LSA-C.C. Art. 2277[1] provides:
All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.
A reading of this article clearly reveals that it is inapplicable to the instant case. The article, by its terms, is specifically restricted to contracts for the payment of money which are not reduced to writing, whereas the promise to pay in this action has been reduced to writing in the form of a promissory note. Even if this article applied, the plaintiff met its burden of proof. Plaintiff produced a credible witness, the loan officer who handled the transaction and witnessed the decedent's signature. The record of decedent's succession *1219 was introduced into evidence containing the descriptive list which listed the promissory note as a debt of the estate.
Former LSA-C.C. Arts. 2244 and 2245[2] provide:
Art. 2244. The person against whom an act under private signature is produced, is obliged formally to avow or disavow his signature.
The heirs or assigns may simply declare that they know not the handwriting or the signature of the person they represent.
Art. 2245. If the party disavow the signature, or the heirs or other representatives declare that they do not know it, it must be proved by witnesses or comparison, as in other cases.
It appears that the general denial in defendant's answer to the allegations contained in plaintiff's petition that the decedent was a maker of the note would be a sufficient declaration under these articles that the heir does not know the signature.[3] However, as noted earlier, the plaintiff met its burden of proof by the testimony of the loan officer who witnessed decedent sign the note.
The defendant argues that the Louisiana "Dead Man's Statute", LSA-R.S. 13:3721 et seq., permitting the introduction of parol evidence to prove a debt of a deceased person is applicable.
LSA-R.S. 13:3721 and 3722 provide as follows:
§ 3721. Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;
(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;
(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground that it did not include the debt or liability in question; or
(4) The claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 3245 of the Code of Civil Procedure.
The provisions of this section cannot be waived impliedly through the failure of a litigant to object to the admission of evidence which is inadmissible thereunder.
§ 3722. When parol evidence is admissible under the provisions of R.S. 13:3721 the debt or liability of the deceased must be proved by the testimony of at least one creditable (sic) witness other than the claimant, and other corroborating circumstances.
Defendant claims that the plaintiff failed to meet its burden of proof under the statute as the only witness testifying for the plaintiff was an official of the claimant-bank.
It is well-settled that the purpose of the "`Dead Man's Statute' ... is to protect the estates of decedents, their representatives and heirs, against stale and unfounded claims which might have been refuted or disproved by the testimony of the deceased were he living." Taylor v. Bocock, 276 So.2d 347 (La.App. 2d Cir.1973) at p. 350 and numerous citations therein, writ denied 279 So.2d 205 (La.1973). See also Financial *1220 Corp. v. Estate of Cooley, 447 So.2d 594 (La.App. 3rd Cir.1984).
However, LSA-R.S. 13:3721 and 3722 do not apply in the instant case where the original promissory note bearing the decedent's signature was introduced into evidence, it being unnecessary to introduce parol evidence to prove the existence of the promise to pay.
In Succession of Dean, 375 So.2d 162 (La.App. 2d Cir.1979) at p. 164, writ denied 376 So.2d 1272 (La.1979), this Court noted that in the "... absence of a decedent's written promise to pay, or written acknowledgment of a debt, a debt against a decedent's estate may be proved by parol testimony and may be recognized only when the statutory requisites and burden of proof are met."
It is implicit in the opinion of the court that parol evidence may be used to prove a decedent's debt when there is no written promise to pay. In the instant case, there is a written promise to pay in the form of a promissory note signed by the decedent. Plaintiff's witness, the loan officer, testified that he personally observed the decedent place his signature on the note.
A review of the record reveals that the plaintiff met its burden of proof. The introduction of the record of decedent's succession proceeding wherein the note was specifically contained in the descriptive list as a debt of the estate and the testimony of the loan officer acted to render the need for parol evidence to prove the debt of the decedent unnecessary. In other words, the "Dead Man's Statute" is an exception to the prohibition against parol evidence being received to prove a debt of a decedent and only allows the introduction of parol evidence in specific, limited circumstances. Here, plaintiff introduced a written promise to pay and thus it was not necessary to use parol evidence to prove the decedent's debt.
Defendant relies on Financial Corp. v. Estate of Cooley, supra, as authority in support of the assertion that LSA-R.S. 13:3721 and 3722 are applicable. This case is distinguishable as it involved a lost mortgage note, which required parol evidence to prove the existence of the debt.
In his brief, plaintiff requests reasonable attorney's fees for appellate work. However, plaintiff did not file an answer to the appeal.
LSA-C.C.P. Art. 2133 provides in pertinent part that "(a)n appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded..."
As plaintiff did not file an answer, this court may not grant an additional amount for attorney's fees for legal services rendered on appeal. See Commercial Union Ins. Co. v. Melikyan, 430 So.2d 1217 (La. App. 1st Cir.1983), Knott v. Welltech, Inc., 428 So.2d 1221 (La.App. 3rd Cir.1983) and citations therein.
For these reasons, the judgment of the trial court in favor of plaintiff, The Bank of Logansport, and against defendant, the Succession of Herman Cason, is affirmed at defendant's cost.
NOTES
[1] The substance of LSA-C.C. Art. 2277 has been redesignated as LSA-C.C. Art. 1846, effective January 1, 1985.
[2] The substance of LSA-C.C. Arts. 2244 and 2245 has been redesignated as LSA-C.C. Art. 1838 effective January 1, 1985.
[3] However, the disavowal of a signature by the party against whom the act under private signature is produced is an affirmative defense which must be specially pled. Selber Bros., Inc. v. Bryant, 406 So.2d 251 (La.App. 3rd Cir.1981) and numerous citations therein.