510 So.2d 1374 (1987)
Oliver J. DUGAS, Plaintiff-Appellant,
v.
FONTENOT MOTORS, INC., Defendant-Appellee.
No. 86-784.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
*1375 Millican, Miller & Buisson, Andre J. Buisson, Jennings, for plaintiff-appellant.
Hurlburt, Privat & Monrose, M. Blake Monrose, Lafayette, for defendant-appellee.
Before LABORDE, YELVERTON and CULPEPPER[*], JJ.
YELVERTON, Judge.
This is an appeal from the dismissal of a worker's compensation suit following the presentation of the plaintiff's case. The trial judge concluded that plaintiff had failed to prove an on-the-job accident. We find clear error in this factual determination, and reverse and remand for further proceedings.
Oliver J. Dugas, 58, was employed by Fontenot Motors, Inc., at its place of business in Welsh, Louisiana. He left the job in late July or early August 1985 and thereafter filed this suit for worker's compensation benefits. He alleged in his petition that on November 6th, 1984, he fell off a tractor he was washing at his employer's place of business, and hurt his back. He alleged that he continued to work, though in pain, until late July, 1985, after which he had to quit because the condition caused by his injury worsened. He alleged that his condition was diagnosed as a herniated disc and that he had surgery in November 1985. His petition prayed for benefits based on total inability to engage in any gainful occupation for wages; alternatively, he pleaded partial disability.
The matter went to trial and the plaintiff put on his case. His case consisted of his testimony, the "before and after" testimony of his brother and sister, the deposition of his orthopedic surgeon, and his hospital and other medical records since the alleged accident. When plaintiff rested his case the employer moved for a dismissal under La.C.C.P. art. 1672(B) which reads:
"B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence."
The trial court granted the motion to dismiss. In an opinion from the bench the *1376 court noted that plaintiff testified he had an accident on November 5 or 6, 1984, reported it to his employer, and was told to go to a doctor. He did not go see a doctor until March 1985 when he saw Dr. Elio Anglarill in Welsh. Meantime, he worked continuously without complaining to anyone at work, until he quit the job on August 1 or 2, 1984. The trial court observed that there was no evidence he complained to fellow employees, or noticably adjusted his workload to accommodate pain or reduced physical capacity. The trial court based its decision specifically on two perceived weaknesses in plaintiff's case: the failure to call fellow employees as witnesses, and the failure to produce Dr. Anglarill. These facts cast so much suspicion on plaintiff's case, according to the trial judge, that his proof that he had an on-the-job accident fell short of a preponderance.
The standard to be applied by the trial court under C.C.P. art. 1672(B), when a motion for judgment of dismissal is filed at the completion of the plaintiff's case, is that the trial judge must weigh and evaluate all of the evidence presented up to that point in the trial and must grant dismissal if the plaintiff has not established proof by a preponderance of evidence. Financial Corp. v. Estate of Cooley, 447 So.2d 594 (La.App. 3rd Cir.1984). Proof of an accident in a worker's compensation case requires a preponderance of the evidence. Prim v. City of Shreveport, 297 So.2d 421 (La.1974). Great weight must be given to the factual conclusions arrived at by the trier of fact and reasonable inferences of fact should not be disturbed absent a showing of manifest error. Cadiere v. West Gibson Products Co., Inc., 364 So.2d 998 (La.1978). The testimony of an injured employee alone can establish a compensable accident by a preponderance of the evidence if supported by corroborating and unsuspicious circumstances that support the reliability of a claimant's testimony. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979). The preponderance of the evidence burden requires factual evidence from which it may be concluded that it is more probable than not that an accident occurred. Prim v. City of Shreveport, supra. The principles of appellate review do not require an appellate court to affirm the trier of fact's refusal to accept as credible uncontradicted testimony or greatly preponderant objectively-corroborated testimony where the record indicates no sound reason for its rejection and where the factual finding itself has been reached by overlooking applicable legal principles. Mart v. Hill, 505 So.2d 1120 (La.1987).
We have carefully examined this record, and it is our opinion that there were circumstances proved that corroborated plaintiff's testimony that he had an accident on the job in early November, 1984, and that the proof of an accident amounted to a preponderance.
Plaintiff testified that on the morning of November 6, 1984, he fell off a tractor that he was washing at his employer's premises and hurt his back. He got up and went inside and told the shop foreman, Clyde Mallett, and a secretary in the office, Mrs. Mary Russell, about the accident, and he was told by them to go to the doctor. Thinking that he could get by without going to the doctor, he continued to work. Thereafter he worked regularly, having some good days and some bad days, until March 1985 when he went to see Dr. Anglarill. He was having low back pain that went down into his left leg. He continued working until late July 1986 when the pain got so bad he could work no longer. First he went to the Moss Regional Hospital in Lake Charles. From there he was sent to University Medical Center at Lafayette to see Dr. Raymond Fletcher. Surgery was performed by Dr. Fletcher in November 1985. Plaintiff testified at the trial in 1986 that he was still unable to work.
His testimony is uncontradicted in the record. That testimony included a job description. He said he worked alone at his employer's place of business, doing odd jobs such as cutting grass, carrying parts from one place to another, cleaning up, *1377 moving vehicles, and other odd jobs. Although he did not call any co-worker to corroborate whatever difficulty he was having, it is doubtful whether a co-worker would have been able to give such corroboration, because plaintiff himself testified that he was then able to do his work. It was only after he got home that he gave in to his pain and took aspirin or other home remedies and used a crutch or a cane for ambulation. He testified the pain was not constant but that it was in his low back radiating into his left hip and down his left leg. His brother and his sister corroborated his complaints of pain when he would come in from work.
Plaintiff testified that when he finally went to see a doctor in March 1985, some four and a half months after the injury, he complained of the accident and resulting low back pain. This is corroborated in the record. A compensation first report signed by Dr. Anglarill on March 26, 1985, indicated that plaintiff fell off a tractor while washing it "11-26-84" and hurt his lower left side. He was complaining of acute low lumbar pain on that visit. The report indicated further treatment was required. This doctor's compensation final report indicates a discharge from treatment for an injury diagnosed as low back sprain, and indicated that plaintiff could return to work on April 10, 1985. These reports are consistent with plaintiff's testimony that his low back difficulty for the first few months was not a disabling condition.
He testified, as did his brother and sister, who lived next door and were apparently his closest relatives, that at about the end of July or early August the pain became so bad that he had to seek help elsewhere. According to the medical records introduced in evidence from Moss Regional Hospital in Lake Charles, plaintiff went there in September and October of 1985 and related his accident and complained of lower back pain. After a myelogram, Moss Regional sent him to University Medical Center at Lafayette, where he was hospitalized twice. The discharge summary for his first hospitalization (October 29, 1985) stated:
"He stated that he had injured his back last November and the pain had come and gone but it had gotten severe over the last few months with radiation into the left leg and hip."
The discharge summary dated November 17, 1985, from University Medical Center, makes this observation:
"This is a 58 year old male who has had low back pain since last Fall when he sustained a fall and hit his back. He stated the pain was OK until approximately July of 1985 and since then it has increased in severity. He had a myelogram in October of 1985 which was positive for S-1 root impingement."
Finally, there was the deposition of Dr. Raymond Fletcher. He was doing his residency at the University Medical Center in Lafayette in orthopedics and was plaintiff's surgeon. He first saw plaintiff in October of 1985 and plaintiff was complaining of low back pain radiating into his left leg. The test showed a herniated disc. From the history that was given, this was caused by an injury. The doctor testified that the time of manifestation of this type of injury is extremely variable, and that what he found was not inconsistent with an injury that occurred a year before surgery. The history that he obtained from the patient was that he fell on his back in November of 1984, and that he tolerated low back pain until July of 1985 when it began to get worse. In November 1985 Dr. Fletcher operated and found, as suspected, a herniated disc. This doctor assigned a permanent physical impairment to the plaintiff's body as a whole of 15 percent, and said that he could do routine manual tasks, except that he could not lift anything over 15 pounds, or do repetitive stooping, lifting, bending, or twisting. Finally, Dr. Fletcher stated that plaintiff's complaints were typical of a herniated disc.
Plaintiff's uncontradicted testimony was sufficiently corroborated by credible evidence. See Wright v. Red Ball Motor *1378 Freight, Inc., 315 So.2d 344 (La.App. 1st Cir.1975) for a similar factual situation.
Also, we find that the failure to call Dr. Anglarill on these facts should not have been given an adverse presumption. All that the record reveals about this doctor's involvement is contained in the first and final reports of injury given to the employer by Dr. Anglarill in March and April, four and a half months after the accident, reporting that plaintiff had a low back sprain on one visit that was resolved on the next, two weeks later. These reports were not inconsistent with plaintiff's own description of his back at that time as pain that would come and go. There is no evidence in the record that Dr. Anglarill saw plaintiff later on when his condition worsened. The witness could not have contributed materially to the case and the adverse presumption from the failure to call him was not justified. Seaux v. Domingue, 509 So.2d 536 (La.App. 3rd Cir. 1987).
In our opinion plaintiff made out a prima facie case. His testimony that he had an accident was uncontradicted. He testified that on the morning it happened he told the shop foreman and another employee. This was not contradicted. His brother and sister testified he told them. Dr. Anglarill's report indicated he told him. The records of Moss Regional Hospital, as well as those of University Medical Center, reflect he told them. Dr. Fletcher said he told him. The description of the accident, the dates, his symptoms, and the progression of the symptomsall are consistent. The eventual treating physician, Dr. Fletcher, testified that what he found in plaintiff's back in November 1985 was consistent with such an accident, with the symptoms, and with the developing manifestations of those symptoms.
There is no dispute as to employment. The employer disputes the occurrence of an accident and a disability. The dismissal by the trial court was based entirely on his finding that the plaintiff had failed to prove an accident by a preponderance of the evidence. We find that this conclusion was clearly wrong, and that it is more probable than not there was an on-the-job accident in early November 1984. Our reversal means simply that at this stage of the proceeding there is proof that more probably than not there was an accident. Disability remains untried and undecided. On remand, the trial court will proceed with the trial and, thereafter, at the conclusion of the trial, if the evidence still preponderates that an accident occurred, the court will then proceed to determine whether the accident caused any disability and, if so, what benefits plaintiff may be entitled to under the provisions of La.R.S. 23:1221, as amended in 1983.
For these reasons, the judgment of dismissal is reversed and set aside and the case is remanded to the trial court for further proceedings. Appellee will pay the costs of this appeal.
REVERSED AND REMANDED.
CULPEPPER, J., concurs only because this case is being remanded for completion of the trial.
NOTES
[*] Judge William A. Culpepper, Retired, Judge Ad Hoc.