| iCANNELLA, Judge,
dissenting.
I respectfully dissent from the majority determination that the trial court decision, “based on reasonable evaluations of credibility,” should be affirmed.
There was no credibility determination to be made in this case. Plaintiffs evidence was uncontradicted. The defendant put on no defense. Plaintiff presented evidence establishing that she slipped and fell in the parking lot, directly outside the front doors of the restaurant, on a food substance that had been on the ground for over an hour. Defendant put on no witnesses, testimony or evidence.
The Supreme Court has directed that “[t]he principles of appellate review do not require an appellate court to affirm the trier of fact’s refusal to accept as credible uncon-tradicted testimony or greatly preponderant objectively-corroborated testimony where the record indicates no sound reason for its rejection and where the factual finding itself has been reached by overlooking applicable legal principles.” Mart v. Hill, 505 So.2d 1120 (La.1987); Butler v. Zapata Haynie Corp., 92-71 (La.App. 3rd Cir. 2/23/94), 633 So.2d 1274; Butler v. Zapata Haynie Corp., 94-1171 (La.7/5/1994), 639 So.2d 1186, amended judgment as to damages only; Dugas v. Fontenot Motors, 510 So.2d 1374 (La.App. 3rd Cir.1987). “To extend the quality of immutability to a fact finder’s determinations simply because it articulates the magical word, | z credibility’ effectively limits and circumvents an appellate court’s constitutionally given power to review facts.” Butler, 633 So.2d at 1279.
The trial judge and the majority herein find support in their judgment by citing discrepancies in the plaintiffs witnesses’ testimony. However, the record clearly indicates that any discrepancies were on minor points, like how many stops they made before eating at the restaurant, and were not relevant to the essential facts of plaintiffs case. The record as a whole indicates consistency in the witnesses’ testimony on the essential facts, that the plaintiff slipped and fell outside the doorway to the restaurant on a food substance that the witness had seen there over an hour earlier on her way into the restaurant.
Accordingly, I find the trial court’s refusal to accept as credible the uncontradicted testimony of plaintiff and her niece on the essential facts of the case to be manifestly erroneous, and dissent from the majority opinion affirming the trial court judgment.